SUSAN WICHMAN, *Appellee,* v. THE KANSAS CITY, MEXICO & ORIENT RAILWAY COMPANY, *Appellant.*

No. 16,917.

SYLLABUS BY THE COURT.

1. DAMAGES—*Obstruction of Ingress and Egress—Existence of an Alley—Burden of Proof.* In an action to recover for obstructing ingress and egress, by laying a railroad track in the street on which the appellee's property fronts, the railway company claimed that there was an alley in the rear. The city plat introduced by plaintiff showed no alley. The court charged that the burden of showing the existence of such alley was upon the railway company. *Held,* proper.

2. ——— *Instructions—Measure of Damages.* A charge to find the value of the property before and after the obstruction, "for the purpose for which it could most advantageously be

used," does not restrict the jury to a consideration of its value for residence purposes only.

3. EVIDENCE—*Cross-examination—Discretion of the Court.* The trial court may and should exercise a sound discretion in limiting the cross-examination of plaintiff's witnesses who testify as to the value of the property, when it is sought by such cross-examination to draw out a detailed description of various other properties in the same vicinity.

Appeal from Sedgwick district court. Opinion filed March 11, 1911. Affirmed.

*John A. Eaton, Dudley W. Eaton,* and *Holmes & Yankey,* for the appellant.

*E. L. Foulke,* and *C. A. Matson,* for the appellee.

The opinion of the court was delivered by

WEST, J.: The appellee sued the railway company for damages claimed to have been caused by the permanent obstruction of ingress and egress to her property on Mosley avenue in the city of Wichita. The property fronts west on the avenue, over which several tracks had been laid, and when the appellant added its last track the ingress and egress were practically destroyed. Evidence was introduced to the effect that for many years the rear of the half lot in question had been left open so that people could drive thereover, but no alley was ever platted or formally dedicated, the open space being a mere permissive neighborhood matter.

A verdict was returned by the jury in favor of the appellee, and the appellant claims that the trial court erred in permitting the appellee to fix the market value of the property for residence purposes instead of more valuable business purposes; in refusing to permit appellant to show upon cross-examination the nature and character of the surrounding property; that the verdict is not supported by the evidence; and that the instructions were erroneous for failure to give sufficient consideration to tracks previously built by others than

the appellant, for special reference to a certain plat offered in evidence, and for ignoring the value of the property for business purposes.

The argument in favor of the first complaint is based upon the following question:

"State, if you know, what was the fair and reasonable market value in the city of Wichita of the west half of lot 2, block 5, in English's Fourth addition to the city of Wichita, owned and occupied by Susan Wichman as a home during the month of June, 1908, prior to the construction of this switch or spur."

It is claimed that the words "owned and occupied by Susan Wichman as a home" confine the question to the value of the property as a home, but the language does not bear this construction. The words last quoted simply amount to a description of the property, and not to a basis of value, and the question of value for business purposes was fully covered by the evidence and also by the instructions.

A careful examination of the record shows that the character and surroundings of the property in question were fairly presented to the jury, and that the limit placed upon the cross-examination in this respect was the exercise of sound discretion by the trial court.

There was testimony that the difference in value of the property before and after the injury was from one thousand to two thousand dollars, and the verdict of the jury for nine hundred dollars was abundantly supported.

The testimony was clear that until the last track was put down by the appellant there was room for fair ingress and egress, and hence the trial court did not err in charging the jury that the presence of other tracks on Mosley avenue was immaterial.

It is urged that the court erred in charging the jury that as the plat offered in evidence showed no alley the burden of proof was on the appellant to show that one existed. It is claimed that this was a singling out

of one particular item of evidence in violation of the rule announced in *Gross v. Shaffer*, 29 Kan. 442, and *Haines v. Goodlander*, 73 Kan. 183. In the former it was held that when the evidence tends to show authority by words and acts it is generally misleading and erroneous for the court to select a few of the words only and instruct that these alone do not show authority. In the latter the sixth paragraph of the syllabus is as follows:

"The court should be careful not to mislead the jury by singling out and giving undue prominence to a particular fact in the case, nor by unduly emphasizing the contentions of either party, but it is often necessary and proper for the court to speak of important features in the evidence, and advise the jury as to the rules of law applicable to such facts."

We do not perceive that the instruction in any way or in any degree violates the rule referred to. It was doubtless for the appellant to show by a preponderance of evidence that an unplatted alley existed in the rear of the premises, if such matter were material, and in merely announcing that this burden was upon the appellant the court correctly stated the law.

It was urged in the argument that although the property was more valuable for business than for residence purposes the court in its instructions restricted its valuation to the latter, and thereby permitted the jury to estimate the damage upon a wrong basis. But in one of the instructions the jury were told:

"In determining such market value you will consider what plaintiff's property was worth immediately before the construction of said track and what it was worth immediately after the construction of said track for the purpose for which it could most advantageously be used."

As the evidence went to the value of the property, both for residence and business purposes, this instruction was not only proper but fair to the appellant.

The judgment of the trial court is affirmed.