THE UNION PACIFIC RAILWAY COMPANY v. WILLIAM MAHAFFY.

No. 86.

1. INJURED EMPLOYEE—*Action*—*Negligence*—*Evidence.* Negligence is not to be presumed, but must be proven; and when the evidence in an action for damages against a railroad company under paragraph 1251, General Statutes of 1889, shows that the employee charged with being negligent exercised toward the injured employee the care and diligence which a prudent person would ordinarily exercise under like circumstances, no liability is established against the company.

2. ———— *No Liability.* Under the facts in this case, *held,* that the railroad company is not liable for damages on account of the accident.

MEMORANDUM. — Error from Wyandotte district court; H. L. ALDEN, judge. Action by William Mahaffy against The Union Pacific Railway Company to recover for personal injuries. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein, filed September 9, 1896, states the material facts.

*A. L. Williams, N. H. Loomis,* and *R. W. Blair,* for plaintiff in error.

*Junius W. Jenkins,* and *John A. Hale,* for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J. : On July 15, 1890, William Mahaffy, a boiler-maker, and Charles E. Prince, his helper, were in the employ of the plaintiff in error, and on said date were attempting to remove a grate out of the bottom of a fire-box of a locomotive which was standing in a roundhouse of said company. To do so, it was necessary for them to go into the pit over which the locomotive was standing. Having entered the pit, they each took hold of opposite ends of the grate to remove it. Prince at this time was looking up, and, as they were getting it out of the socket, some ashes from above fell into his eyes, causing him to let go of his end of the grate. He gave no warning of his intention to drop the grate, which weighs from 75 to 100 pounds. Mahaffy, not knowing what had happened to Prince, held fast to his end, and thereby received a sprain of the right wrist. To recover for the injury so sustained this action was brought, under paragraph 1251, General Statutes of 1889. The petition alleges that plaintiff and Charles E. Prince were

employees of and working for and under the direction of defendant in its shops, and while so engaged, and as part of their duties therein, they were removing a grate from an engine; and that Prince negligently jerked and twisted said grate and let it fall, without giving any notice to plaintiff, and thereby twisted, wrenched, sprained and severely hurt plaintiff's wrist, rendering him unable to work and permanently disabling him.

Upon the trial of this cause the jury returned 17 special findings, very few of which have any bearing upon the question raised by the plaintiff in error, viz., that the testimony did not show any negligence on the part of Prince; in other words, that it did not show conclusively that the injury was the result of an unavoidable accident. We think the contention of the plaintiff in error is well founded. There is but little testimony upon the facts as to this injury. But two witnesses knew or could know anything about it — the plaintiff and his coemployee, Prince — and their testimony, when carefully examined, does not conflict. While they have not expressed themselves in precisely the same terms, nor used similar language to convey their ideas, yet their explanations of this transaction are strikingly similar. The testimony of the plaintiff is:

"I had hold of the grate, and in order to get it out one end has to be lifted up first, and the other end lowered down below the bar. Prince had hold of the other end. We were in a stooping position. We could not stand up straight and take the grate out, but was bent over. We had just lowered it below the bar when, as he claimed and so told me at the time, some ashes fell into his eyes. He gave it a throw, that way, and let it fall out of his hands. I had my end out of the slot on which it runs. We had lowered both ends out — Prince's end came out first, and mine

almost the same time. He gave it a twist and threw it that way, and it fell out of his hands. Just before it was taken down—before he let it drop—he was looking up; he got some ashes in his eyes; that is what he said at the time; that is what he told me. He gave a kind of a jerk at the time, and let it fall. That is the way I understood at the time as to how it happened. He gave a wrench over, and the grate fell out of his hands."

Prince testified as follows:

"I am the man that was helping Mahaffy take this grate out of the locomotive. Mr. Mahaffy had one end of the grate and I had the other. We were under the engine and had to work sitting down—sitting on the side of the pan, when we were getting it out of the socket that fits in the bars. I was looking up and dirt fell in my eyes; I gave the bar a kind of let-go and it fell from my hands. I think there was a handful of ashes fell in my eyes, I do not know—it fell right into my eyes—the eye got full; it caused me pain in the eye; it felt to me as if needles were out in my eyes; the dirt falling in there was sharp, and cut and ached. It caused me to let go my hold on the grate; that is the only reason for me letting go. When I let go the grate turned from me. I lost my hold of it. I let go immediately as soon as the ashes fell in my eyes. I cannot say that I threw it; I suppose you might call it shoving away. I did not give Mahaffy any warning. I had no time to give warning myself. I could not help it. The dirt came into my eyes and made me loose my hold on the grate. I did not know I was going to do it. It occurred so suddenly I did not have time to give any notice or warning."

This is all the testimony bearing upon this subject.

"An act which involves none of the elements of negligence or intentional wrong is always considered an accident. No person can be held responsible for an unforeseen accident which incidentally occurs while

he is in the rightful and proper exercise of his lawful business.''

The act of Prince in letting go of this bar would not have occurred had it not been for the ashes falling in his eyes, and the jury so found; and, under the circumstances, his actions were but the natural and usual act of any person acting under similar circumstances. In judging of the care that he was required to use, allowance should be made for the circumsances of the case, and if he acted suddenly he would be excusable for omitting some precaution, or even in making an unwise choice under these influences. Of course he was under obligations not to injure Mahaffy if he could avoid it. We are all under such an obligation one to another, but being under such an obligation does not render us liable for accidents which we did not contemplate and which we could not avoid. What duty did Prince fail to perform? What obligation was he under which he disregarded? We have failed to discover any. We think he exercised toward the injured employee that degree of care and diligence which a prudent person would ordinarily exercise under like circumstances, and we think the testimony in this case shows concluslvely that the falling of the ashes into Prince's eyes caused him to give an involuntary start and relax his hold on the grate. That what constitutes negligence in a particular case is generally a question for the jury and not for the court, is undoubtedly true; but when there is no conflict in the testimony offered the question of negligence becomes a question of law, and this is especially true when there can be but one deduction drawn from the testimony. Negligence is not to be found without evidence. There is always a presumption against it, and therefore the plaintiff who asserts it must adduce

Doorley v. Lumber Co.

proof that the party charged therewith did not at least use ordinary care. Taking the testimony as a whole, some want of ordinary care must appear, to sustain a recovery. The testimony in this case fails to show any negligence upon the part of the coemployee, but, on the other hand, conclusively shows that the injury is the result of an accident, and that the defendant below is not responsible therefor. The verdict is not sustained by sufficient evidence and is contrary to law.

The judgment, therefore, will be reversed, and the cause remanded for further proceedings in accordance with this opinion.

All the Judges concurring.