EDGAR W. FUQUA, *Appellee*, v. THE ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, *Appellant*.

No. 16,491.

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES — *Measure of Damages — Future Disability—Pleading.* In an action to recover damages for injury to his person the plaintiff, after sufficiently alleging the negligence of the defendant as the cause of the accident, alleged in his petition that he fell and struck his right side against the edge of the platform of a coach, broke two ribs, and bruised the flesh and lacerated and strained the muscles of his right side; that as a result of such injuries he has suffered intense pain and mental anguish, and still suffers pain and

mental anguish; that as a result of such injuries he received a severe shock to his nervous system, and ever since has been able to sleep but little; that he has ever since been unable to perform his usual vocation of a traveling salesman, and has been unable to walk or move about without pain and suffering. *Held,* that such allegations are sufficient to present to the jury the question of future disability.

2. ———— *Evidence—Verdict and Judgment.* The evidence in this case is sufficient to sustain the verdict and the judgment.

Appeal from Bourbon district court; JOHN C. CANNON, judge. Opinion filed April 9, 1910. Affirmed.

*W. F. Evans,* and *R. R. Vermilion,* for the appellant. *A. M. Keene,* and *E. C. Gates,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellee began this action by filing a petition in which he alleged, in substance, that he went as a passenger aboard the defendant's passenger train in the nighttime, and in going from one coach thereof to another to find a seat he fell between the two coaches and received two broken ribs and other injuries. The petition sufficiently alleged that the accident occurred through the negligence of the defendant and its employees in having the coaches separated by a space of about three feet and by failing to light the platforms. The petition alleged damages in the sum of $2000, by reason of expenses incurred for doctor's bills and medicine and for loss of time and injuries.

The company filed a motion to require the plaintiff "to state how much damages the plaintiff claims by reason of doctors' bills and medicine, and to whom the doctor bill was incurred, and to state what amount of time the plaintiff claims to have lost by reason of said injuries, and the value thereof, and to state how much damage the plaintiff claims for injury to his person and for pain and mental anguish."

The motion was allowed, and on the order of the

court the plaintiff filed the following amendment to his petition:

"Comes now the said plaintiff, and as an amendment to his petition heretofore filed in said action, and in addition thereto, alleges that the amount of damages said plaintiff claims by reason of doctors' bills and medicine is one hundred ($100) dollars.

"Plaintiff further alleges that the doctors' bills were incurred to Dr. O. D. Baird, Dr. W. S. Miller, Dr. E. B. Payne, and Dr. R. Aikman.

"Plaintiff further states that the amount of time the plaintiff claims to have lost by reason of said injuries was about six weeks, and the value thereof was about nineteen ($19) dollars per week.

"Plaintiff further alleges that plaintiff claims damages for injury to his person in the sum of twelve hundred ($1200) dollars, and for pain and mental anguish in the sum of five hundred ($500) dollars.

"Wherefore, plaintiff prays judgment as originally asked in his petition."

The defendant in its answer alleged that if the plaintiff was injured as alleged the injury occurred through no fault or neglect of the defendant, but solely by the carelessness and negligence of the plaintiff. The reply was a general denial.

On the trial the jury returned a general verdict in favor of the plaintiff for $652.50, and answered special questions of fact, among which are the following:

"(1)   Ques.  If you find a verdict in favor of the plaintiff, how much do you allow him for loss of time? Ans. Fifty dollars.

"(2)   Q.  How much do you include in your verdict for injury to the person of the plaintiff?   A.  Five hundred dollars.

"(6)   Q.  How much do you allow the plaintiff for pain and mental anguish?   A.  Seventy-five dollars.

"(7)   Q.  How much do you allow the plaintiff for doctors' bills and medicine?   A.  Twenty-seven dollars and fifty cents."

The principal contention of the defendant is that "injury to the person of the plaintiff" is not a proper element of damages unless the injury is alleged and proved

to be permanent. If not, the defendant is not in very good position to complain. It asked and received from the court an order requiring the plaintiff to amend his petition to state what damages he claimed on this identical ground. It also on the trial asked and the court gave an instruction to the jury that "this suit was commenced in this court on the first day of April, 1908, and that under the allegations of the petition, and the amendment thereto filed, you can not allow the plaintiff any sum for pain and suffering experienced by him after the said first day of April, 1908." It does not appear that the plaintiff has served upon the defendant any notice stating in what respect he asks a consideration and review of any part of the judgment or of any order of the trial court. (Code 1909, § 578.) Hence this instruction is not before us for review, and must be accepted as the law in this case. We remark, however, that it does not seem to be in accord with the law as declared by this court. (*Townsend v. City of Paola*, 41 Kan. 591; *Edgerton v. O'Neil*, 4 Kan. App. 88. See, also, *Richmond & Danville R. Co. v. Allison*, 86 Ga. 145, 11 L. R. A. 45, and note.)

The company contends that neither the petition nor the evidence justifies the second finding of fact. The plaintiff in his petition alleged:

"That . . . he fell and struck his right side against the edge of the said platform of the south coach, breaking two ribs of plaintiff on the right side of said plaintiff's body, and, so far as plaintiff is able to ascertain, it was what is known as the eighth and tenth ribs on plaintiff's right side. . . . that . . . he bruised the flesh and lacerated and strained the muscles of his right side.

"Plaintiff further alleges that, as a result of said injuries, ever since receiving same he has been unable to perform his usual avocation of traveling salesman, and as a result of said injuries has suffered intense pain and mental anguish, and still suffers pain and anguish as a result of said injuries.

"Plaintiff further alleges that as a result of said injuries he received a severe shock to his nervous system,

and ever since receiving said injuries has been unable to sleep but little as a result therefrom.

"Plaintiff further alleges that, as a result of said injuries, ever since receiving same he has been unable to walk or move about without pain and suffering to himself."

In *Railroad Co. v. Willey,* 57 Kan. 764, Mr. Chief Justice Doster, speaking for the court, said:

"A party is entitled to recover for all consequences which are the natural and probable result of injuries negligently inflicted upon him by another—that is, for those consequences which the common experience of men justify us in believing will result from an injury, the extent and character of which are known—without specially alleging them as grounds of recovery. Any result following an injury, but beyond the usual and natural consequences flowing therefrom, must be specially alleged, so as to apprise the opposing party of an intention to claim damages therefor." (Page 766.)

In volume 13 of the Cyclopedia of Law and Procedure, at page 186, it is said:

"The future effect of an injury, and the pain and suffering which it will presumably cause in the future, need not, if they are the legal result of the injury, be specially averred, but proof thereof is admissible under the general allegation of damages; and an allegation that the plaintiff has not yet recovered from his injuries is sufficient to present to the jury the question of future disability."

Let us review the evidence from the standpoint the jury was required to view it, as limited to April 1, 1908, twenty-six days after the accident. The plaintiff testified:

"Ques. How long were you at home after you came, after your side was hurt? Ans. About six weeks.

"Q. Why were you home at that time, six weeks? A. Why, I was suffering. I could not do any work.

"Q. Why? A. On account of my injuries. I was laid up. I was in bed most of the time.

"Q. How long was it before you got out of the house after you got home? A. About three or four weeks.

"Q. What are the facts with reference to your side

hurting you at the time you were laid up here at home? A. Why, my side hurt me all the time. I could not rest, but was very nervous."

Two doctors also testified that they examined the plaintiff several days after the accident; that one rib was broken, one injured, the side was swollen, bruised and inflamed, and the plaintiff was nervous. The jury had a right also to take into consideration the usual and natural result of the injury. Both the petition and the evidence justified the allowance of $500 as damages "for injury to the person of the plaintiff," in addition to the other items allowed.

We have examined all the assignments of error and find nothing to justify a reversal of the judgment nor to call for special discussion. The judgment is affirmed.