# MISSOURI, O. & G. RY. CO. v. COLLINS.

No. 4862. Opinion Filed June 1, 1915.

Rehearing Denied July 13, 1915.

(150 Pac. 142.)

1. **TRIAL—Reception of Evidence—Waiver of Objection.** When objection is made to the admissibility of certain testimony, but by agreement the answer is permitted to be made, to be excluded later if found to be incompetent, the party objecting waives his objection by failing to ask for the ruling thus reserved.

2. **DAMAGES—Petition—Impairment of Earning Capacity.** A petition in an action for damages for personal injuries, charging that plaintiff was injured in his back, legs, spine, and arm, by reason of which he was caused "great pain and injury," that his injuries "were serious, caused him great inconvenience, loss of time, pain, and mental anguish, that he was caused to spend large sums of money and go through almost unbearable pain," and that "his injuries are permanent," is sufficient to admit proof of the impairment of the plaintiff's capacity to perform labor as an element of damage.

3. **DAMAGES — Evidence — Medical Charges — Reasonableness.** Where the attending physician testified to the amount of his bill for medical treatment rendered plaintiff, and that his charges were reasonable, it is sufficient to submit the item of recovery to the jury. If defendant desired to put in issue the reasonableness of the charge, it should have introduced evidence for that purpose,

4. **APPEAL AND ERROR—Harmless Error—Admission of Evidence —Cure by Verdict.** Where, over objection, the plaintiff was permitted to testify to the value of his services to himself and family, and where the value of plaintiff's time was an issue, and the court properly charged the jury as to the item of loss of time occasioned by the immediate effect of the injury, while the question complained of was improper, yet, not being of a character that tended to create sympathy for the party offering it, or to prejudice the jury against the opposite party, and the verdict returned being fully warranted by the legitimate evidence, the judgment will not be disturbed.

5. **SAME.** The improper admission of evidence, if not prejudicial to the party complaining, is not ground for reversal.

6. **RAILROADS—Injuries to Licensees—Instructions—Applicability to Pleadings.** Instructions 1, 3, and 4 examined in connection with the allegations of negligence charged in the petition, and found not subject to the objection that they include other and different acts of negligence than those charged in the petition.

7.     **TRIAL—Instructions—Construction as a Whole.** Instructions are to be considered and construed together as a whole, and, if not erroneous when so construed, no one of them will be held erroneous.

8.     **APPEAL AND ERROR — Questions Presented for Review—Variance—Failure to Object.** Though there be a variance between the allegations of a petition and the facts proven without objection at the trial, yet, if it be a case where an amendment to conform to the proof should have been allowed, the judgment will not be reversed solely because of such variance.

9.     **RAILROADS—Injuries to Licensees—Unloading Cars.** Where a railroad company places a loaded car upon a side track, to be there unloaded by the owner of the freight, and an employee of the owner, with the express or implied consent of the company, proceeds to unload such freight, the company is without right, without special notice or warning, to move a train in upon said side track in such a manner as to strike the car in which the employee is at work. Such employee, so engaged, may give his undivided attention to his work, and will be justified in assuming that the company will not molest him, and render his position hazardous, without such notice or warning.

10.    **SAME—Duty to Warn.** Under such circumstances, it is the duty of the railway company, possessed of knowledge or the means of knowledge that the freight is being unloaded, to properly warn or notify the person so engaged of an intention to switch or set cars on said side track, if in so doing such employee's position is thereby made dangerous.

11.    **TRIAL—Instructions—Invading Province of the Jury.** An instruction naming certain facts which, if found to be proven, the jury may consider in connection with all other facts and circumstances existing at the time or immediately prior thereto, but which makes no comment as to their weight or effect or the credibility of the witnesses testifying thereto, is not erroneous as invading the province of the jury.

12.    **APPEAL AND ERROR—Harmless Error—Instructions—Cure by Verdict.** In an action for damages for personal injuries, where the petition named the amount of different elements of damage sustained by plaintiff, an instruction, otherwise correct, charging generally as to the damages sustained, where no requested instructions as to the several amounts recoverable are presented by the defendant, and the verdict returned is unmistakably in accordance with the evidence and is not excessive, the judgment will not be reversed on account of the court's failure to limit the several items to the amounts claimed in the petition.

13.    **TRIAL—Requested Instruction—Incorrect Request.** In order to entitle a party to insist that a requested instruction be given to the jury, such instruction must be correct, and such that the court might give to the jury without modification or omission. If the instruction as requested be objectionable in any respect, its refusal is not error.

Opinion of the Court.

14. **RAILROADS — Injuries to Licensees — Defenses — Notice of Danger.** That other employees engaged in unloading a car standing on a side track may know of the approach of an engine and string of cars does not relieve the railroad company of its duty to notify those not so informed, and an instruction containing, in effect, such direction, is properly refused.

15. **APPEAL AND ERROR—Review—Verdict—Excessive Damages.** A verdict will not be set aside, in a case of tort, for excessive damages, unless it clearly appear that the jury committed some gross' and palpable error, or acted under some improper bias, influence, or prejudice, or have totally mistaken the rules of law by which the damages are regulated.

(Syllabus by the Court.)

*Error from District Court, Bryan County;*

*Jesse M. Hatchett, Judge.*

Action by Peter Collins against the Missouri, Oklahoma & Gulf Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*E. R. Jones* and *J. C. Wilhoit, (Arthur Miller,* of Counsel), for plaintiff in error.

*Utterback, Hayes & MacDonald* and *Ames, Chambers, Lowe & Richardson,* for defendant in error.

SHARP, J. The first five assignments of error have to do with the admission of evidence, which it is claimed constituted prejudicial error. The first assignment relates to certain testimony of the witness Cole. The questions, answers, objections, and rulings pertinent thereto are as follows:

"Q. During that time before the accident and since had you ever seen any engine back in against cars? A. Yes, sir. (Defendant objects as incompetent, irrelevant, and immaterial as to what he has seen since. Overruled. Defendant excepts.) Q. From that experience that you had in seeing engines come in contact with cars, was that contact that day hard or easy? Mr. Wilhoit: Objected to as incompetent, irrelevant, and immaterial and calling for a conclusion of the witness. The Court: At this time I am going to hold that the witness can answer the question whether or not there was a hard or easy jar.

It is agreed at this time that the answer may go in, and be excluded later if it is found to be incompetent."

The answer, then, stood as competent evidence, unless excluded further along in the trial. The agreement of counsel that the answer might go in the record was in legal effect a withdrawal of the objection to the question. There was no exception to the court's ruling, but, on the other hand, it was not only acquiesced in, but, as seen, expressly agreed to. Under the stipulation counsel would have had the right to move later on to exclude the testimony, but they did not do so. *Atchison, T. & S. F. Ry. Co. v. Baker,* 37 Okla. 48, 130 Pac. 577; *State v. Cavanaugh,* 98 Iowa, 688, 68 N. W. 452; *Hotchkiss v. Bon Air Coal & Iron Co.,* 108 Me. 34, 78 Atl. 1108; *United States v. McCoy,* 193 U. S. 593, 24 Sup. Ct. 528, 48 L. Ed. 805.

The next objection arose in the admission of the American Mortality Tables, and in permitting one J. C. Crawford, a life insurance agent, to testify therefrom as to the life expectancy of the plaintiff. The objection is rested upon the ground that plaintiff nowhere in his petition claimed damages for impairment of his earning capacity, but only for loss of time; it being said that damages for the impairment of one's earning capacity can be recovered only where specially alleged and made a ground of recovery in the petition. Plaintiff's petition described the injuries sustained, and charged that he was injured in his back, legs, spine, and arms; that he was seriously, greatly, and permanently injured by the agents and employees of the defendant company. Where the effect of the injury to a person is to diminish permanently his earning capacity, then the expectancy of life of such person becomes a matter of importance in estimating the amount of his damages, and proper evidence on that question is admissible. Resort is most often had to the various standard and recognized life tables to establish this fact. A proper foundation should, however, in all cases be laid

for their introduction by showing such facts as the age of the person injured, his incapacity or diminished power to work, the value of his services, and the permanency of his injuries. Where, as a consequence of the injury charged, the injured person will necessarily, on account thereof, be less capable of transacting his usual business vocation in the future, proof of the impairment of his general earning capacity may ordinarily be given under the general allegation of the injury, and damages resulting therefrom, such as the inability to attend to his ordinary business, without special averment that plaintiff will not be able to earn as much in the future as in the past. Sutherland on Damages (3d Ed.) par. 1244. Among the reported cases sustaining the rule announced are *Ackerman v. Williamsport*, 227 Pa. 591, 76 Atl. 421; *Cutter v. Des Moines*, 137 Iowa, 643, 113 N. W. 1081; *Cumberland Tel., etc., Co. v. Overfield*, 127 Ky. 548, 106 S. W. 242; *San Antonio Traction Co. v. Probandt* (Tex. Civ. App.) 125 S. W. 931; *Fuqua v. St. Louis & S. F. Ry. Co.*, 82 Kan. 315, 108 Pac. 108, 20 Ann. Cas. 115; *Schmitz v. St. Louis, I. M. & S. R. Co.*, 119 Mo. 256, 24 S. W. 472, 23 L. R. A. 250; *Montgomery v. Lansing City Electric Ry. Co.*, 103 Mich. 46, 61 N. W. 543, 29 L. R. A. 287; *Youngblood v. South Carolina & G. R. Co.*, 60 S. C. 9, 38 S. E. 232, 85 Am. St. Rep. 824; *Hoyt v. Metropolitan Street Ry. Co.*, 73 App. Div. 249, 76 N. Y. Supp. 832; *Chicago, etc., Ry. Co. v. McDonnell*, 194 Ill. 82, 62 N. E. 308; *Atwood v. Utah Light & P. Co.*, 44 Utah, 366, 140 Pac. 137; *Union Pac. R. Co. v. Shovell*, 39 Colo. 436, 89 Pac. 764; *Millmore v. Boston El. Ry. Co.*, 198 Mass. 370, 84 N. E. 468; *Ruff v. Georgia, S. & F. Ry. Co.*, (Fla.) 64 South. 782; *Sigel v. Portland Ry., L. & P. Co.*, 67 Or. 285, 135 Pac. 866; *Luck v. City of Ripon*, 52 Wis. 196, 8 N. W. 815; *Treadwell v. Whittier et al.*, 80 Cal. 574, 22 Pac. 266, 5 L. R. A. 498, 13 Am. St. Rep. 175; *Hamilton v. Great Falls, St. R. Co.*, 17 Mont. 334, 42 Pac. 860, 43 Pac. 713; *Palmer v. Winona R., etc., Co.*, 78 Minn. 138, 80 N. W. 869.

In *Denver & R. G. R. Co. v. Harris*, 122 U. S. 597, 7 Sup. Ct. 1236, 30 L. Ed. 1146, one of the consequences of the wound received by the plaintiff at the hands of the defendant's servants was to render him impotent. It was held that evidence of this fact was admissible, although the declaration did not in terms specify such loss as one of the results of the wound. While there are a few decisions announcing a contrary doctrine, this court will follow the weight of authority, supporting the rule announced, and hold the objection not well taken. If a more definite allegation as to the damages sustained was desired by defendant company, it should have filed a motion to make the petition more definite and certain in such respect.

It is next insisted that the court erred in admitting the testimony of Dr. Sawyer as to his account for medical services rendered the plaintiff. The doctor approximated his charge at from $200 to $250. Being asked if that was a reasonable charge for the services rendered, he answered it was. plaintiff in his petition sought to recover on this item $250. Dr. Sawyer was clearly competent to testify as to the reasonableness of his charge. If his testimony was not satisfactory to the defendant company, it was for it to offer countervailing evidence. Whether the jury allowed a recovery of $200 or $250 we cannot say; neither is it necessary that we should. Plaintiff asked a recovery on this account of $250, and the only evidence offered tended to show the charge as heretofore stated, and that the amount thereof was reasonable. Plaintiff was entitled to recover the reasonable expenses incurred by him for necessary medical attention, though the bill had not been paid at the time of trial. 4 Elliott on Railroads (2d Ed.) sec. 1820.

The plaintiff was permitted to testify that for five or six months he was unable, on account of his injuries,

to assist his wife in doing the chores around the house, and that such work was worth about $1 a day; that is, the work he had been accustomed to perform morning and evenings, before going to and after returning from his other work. This testimony, it is said, must be construed in connection with the proof of expectancy of the witness, and not having charged in his petition that on account of his injury his ability to earn money was permanently impaired, the testimony was incompetent. This particular objection is disposed of by what we have already said as to the sufficiency of the petition. That the plaintiff's time was worth a given sum to him and his family would, we grant, be an improper question. It is the injury it-flicted upon the plaintiff himself, and not to his family, for which the law allows compensation in damages. The evidence, however, tended to prove the value of plaintiff's time, for the loss of which he had asked special damages; and, while the question is objectionable, yet, in view of the fact that plaintiff was entitled to show what his time was reasonably worth, and the evidence not being of a character that tended to create sympathy for the plaintiff or to prejudice the jury against the defendant company, and the further fact that the verdict was fully warranted by the legitimate evidence, and that the court, in submitting the case to the jury, on this issue authorized a recovery only for "the loss of time occasioned by the immediate effect of the injury," we cannot say that reversible error was committed in permitting the plaintiff to answer the question. *Kinsley v. Morse*, 40 Kan. 577, 20 Pac. 217; *Central Pass. R. Co. v. Kuhn*, 86 Ky. 578, 6 S. W. 441, 9 Am. St. Rep. 309; *Moore v. Huntington*, 31 W. Va. 842, 8 S. E. 512.

The error assigned as a result of the wide range given plaintiff in the cross-examination of Conductor Huff is without merit. A part of this testimony was admitted without objection. Other objections of the defendant were

sustained, and none of the answers given were unfavorable to the company. Rather did the cross-examination tend to bring out facts favorable to the company, or, at least, furnished testimony from which favorable inferences could be drawn. Whether the questions to which objections were made were or were not proper, it is unnecessary, therefore, to determine, for it is clear that the answers thereto were without prejudice to the defendant. *Mullen v. Thaxton*, 24 Okla. 643, 104 Pac. 359; *Yukon Mills & Grain Co. v. Imperial Roller Mills*, 34 Okla. 817, 127 Pac. 422; *City of Anadarko v. Argo*, 35 Okla. 115, 128 Pac. 500.

The objections arising out of the giving of instructions 1, 3, and 4 may be considered together. The first, it is urged, charged the jury on an abstract proposition of law, and did not clearly state the issues submitted for their consideration and determination. The instruction is as follows:

"If you believe from a fair preponderance of the evidence that the plaintiff, Pete Collins, was, at or about the time alleged, engaged in unloading cotton from a car at the place stated, and that the servants or employees of the defendant, having charge of and operating a part of a train, negligently ran the same against the car in which the plaintiff was working, and that, as a result of said collision so negligently caused, plaintiff was injured as alleged, and that no negligence on the part of plaintiff contributed thereto, you will in that event find for the plaintiff."

Obviously the instruction is not open to the first objection. Under it, before the jury could return a verdict for the plaintiff, it must be made to appear, from a fair preponderance of the evidence, that: (1) Plaintiff, Collins, was engaged in unloading from a car at the compress in Durant; (2) that the defendant ran its train against the car in which he was at the time at work; (3) that the same was done negligently; (4) that in conse-

quence thereof he was injured; and (5) that he was not
himself negligent.   The instruction cannot properly be
called an instruction defining the issues about to be sub-
mitted to the jury, and it is not, therefore, subject to the
latter objection.   Other objections to the instruction are
that it is in conflict with instruction 5, and that the charge
of negligence in operating the train, causing it to strike
the car in which plaintiff was at work, was not alleged
as an act of negligence in the plaintiff's petition.   Instruc-
tion No. 5, to which no objection was made, submitted to
the jury, in part at least, defendant's theory of the case,
though we may well doubt whether, under the evidence, it
should have been given.   We do not find that any conflict
in the instructions in fact exists.   It is not essential,
neither is it practicable, that a single instruction embody
all of the law of the case, and the omission to state the
entire law in the case in one instruction is not error, if
the instruction is reasonably supplied elsewhere, so that
the charge, as a whole, fully and fairly applies the law
applicable to the issues.   *First Nat. Bank of Tishomingo
v. Ingle,* 37 Okla. 276, 132 Pac. 895; *Gulf, C. & S. F. Ry.
Co. v. Taylor,* 37 Okla. 99, 130 Pac. 574.   In this instruc-
tion the court did not undertake to define negligence;
that was done in the charge following, to which no objec-
tion is urged.   In the third instruction the court told the
jury that if they found, from a fair preponderance of the
evidence, that the defendant, through its servants and
employees, ran its cars against the string of cars in one
of which the plaintiff was at work, if such was found to
be the case, and in doing so defendant was guilty of negli-
gence, as theretofore defined, and if, as a direct and proxi-
mate result of such negligent act, the plaintiff was in-
jured, and that without contributory negligence on his
part, a verdict should be returned for the plaintiff.

47-25

The fourth instruction told the jury that if they found from the evidence that the car in which plaintiff was working had been set by employees of defendant, for the purpose of being unloaded, or was in the immediate locality where it had been the custom, immediately prior to the injury, to unload the cars of defendant, and said defendant, through its employees had knowledge thereof, or that said employees knew that a crew of men were unloading the car at the time, then, in either event, it was the company's duty to use reasonable and ordinary care, as theretofore defined, to prevent injury to any one who might be working in or about said car, and that it would be liable for injuries caused by a failure to observe that duty. The fifth instruction told the jury that if, on the other hand, they found from the evidence that the car in which the plaintiff was working at the time, if such was found to be a fact, had not been set by the employees of the defendant, for the purpose of unloading, and was not standing in the immediate locality where it had been the custom immediately prior to the injury to unload cars of the defendant during that season, and that if defendant's employees had no notice or knowledge that men were working in or about said car, then and in that event the jury were instructed that the defendant owed the plaintiff no duty until after his presence or the presence of others with whom he was working was discovered, or became known to the employees or servants of the defendant; and that, under such circumstances it would not be liable for any injuries inflicted.

The objection that instructions 1, 3 and 4 do not confine the negligence for which a recovery can be had to that charged in plaintiff's petition is not well taken. The plaintiff's petition alleged that defendant backed its train against the car in which he was at the time at work, without warning or signal; that at the time plaintiff had a bale of cotton upon a truck on his way to the door; that

the striking of the car by the train knocked him down, and the truck and bale of cotton fell upon him, injuring his back, legs, spine, and arm, due to the negligence and want of care of the defendant, its agents and employees. We cannot say, therefore, as contended by counsel for plaintiff in error, that the only negligence charged was the failure to give proper warning or signal to the plaintiff.

If, however, there was any doubt as to the sufficiency of the allegation, it was waived by the defendant, at the trial, in failing to object to the introduction of evidence, and in the cross-examination of witnesses. Where no objections are made that the evidence offered is not within the issues, and proof is submitted which may tend to enlarge the issues, and such evidence is met by the opposing litigant, if the case be one where an amendment of the petition ought to have been allowed to conform it to the facts proved, the judgment will not be reversed solely on account of a variance between the facts proved and the allegations of the petition. *Mulhall v. Mulhall,* 3 Okla. 304, 41 Pac. 109; *Love v. Kirkbride Drilling & Oil Co.,* 37 Okla. 804, 129 Pac. 858; *Homeland Realty Co. v. Robison,* 39 Okla. 591, 136 Pac. 585. In other words, the the question of a variance cannot be raised for the first time in this court.

The evidence established the fact that the plaintiff, an employee of the Inland Compress Company, was rightfully in the car where he was injured. Defendant company's yard clerk was with him, engaged in checking out the cotton plaintiff was assisting in unloading. The evidence showed that, for some two weeks or more prior to the injury, cars had been unloaded from the storage track near the compress. This fact was known to certain of defendant's agents and employees, including its station agent and yard clerk. It appears that the station agent had supervisory control over the tracks and over the crews

and trains while at work in the yards, at least in the matter of unloading cars; and that the station agent, possessed of this knowledge and authority, directed the train crew in charge of the train to go upon the storage track on the occasion of the plaintiff's injury. Under such circumstances it was the duty of the defendant company to use reasonable care and precaution, in the operation of its engine or train of cars, so as not to injure persons working in or about other cars upon its tracks, and who were rightfully there.

When the car loaded with cotton, in which plaintiff was at work, was set on the side track, whether that was the regular track for unloading, or was being used on account of congested traffic, the defendant company knew that it would be necessary that it be occupied by the employees of the compress company in unloading the cotton therefrom. This knowledge carried with it a duty to use such care and precaution in the operation of engines or cars upon said track, and to give such notice to those engaged in unloading, or being therein in connection with that business, as would not place them in danger. When it was shown that Collins was rightfully in the car, and that the agents and employees of the defendant company knew of or, for that matter, had reason to suspect his presence therein, it was then the duty of the company to notify him, or those in or about the car, that it was about to be moved. *Atlanta, K. & N. R. Co. v. Roberts*, 116 Ga. 505, 42 S. E. 753; *Chesapeake & O. R. Co. v. Plummer*, 143 Ky. 97, 136 S. W. 159; *Chicago & N. W. R. Co. v. Goebel*, 119 Ill. 515, 10 N. E. 369; *Smith v. Southern R. Co.*, 129 N. C. 374, 40 S. E. 86; *Newson v. New York Cent. R. Co.*, 29 N. Y. 383; *Pittsburg, C., C. & St. L. Ry. Co. v. Ives*, 12 Ind. App. 602, 40 N. E. 923; *Hopkins et al. v. Boyd,* 18 Ind. App. 63, 47 N. E. 480; *Watson v. Wabash, St. L. & R. R. Co.*, 66 Iowa, 164, 23 N. W. 380;

*New Orleans, J. & G. N. R. Co. v. Bailey,* 40 Miss. 395; *Linker v. Union Pac. R. Co.,* 82 Kan. 580, 109 Pac. 678.

Nor do we think that the duty owing plaintiff was discharged by the fact that the employees on the engine moving the train of cars which caused the injury may have rung its bell or blown the whistle. The testimony shows that the engine was at the time backing six cars on a reverse curve against a string of 15 or 20 cars, in about the middle of which stood the car in which the plaintiff was at work. Hard by were many side tracks, both those of the defendant company and those of the Missouri, Kansas & Texas Railway Company. Even had the plaintiff heard the bell ringing, or the whistle blowing, he would not, from that fact alone, have known upon what track the engine was, or in what direction it was going, or of the intention of the train crew to couple onto the cars on the storage track. This was the only manner of notice given or form of warning that it was the intention of defendant company to connect with the string of cars standing on the storage track. The rule governing the duty owing by a railroad company under such a state of facts is aptly stated in 3 Elliott on Railroads (2d Ed.) section 1265c, as follows:

"Shippers and consignees of freight on railroad premises for the purpose of loading and unloading cars, are properly there, and are not trespassers or bare licensees, and the railroad company is bound to use reasonable care to avoid injuring them while so engaged. If such persons while so engaged, and without negligence on their own part, other than that inattention to their own safety which an absorption in the duties in which they are engaged naturally produces, are hurt by the negligence of the railway company, they have an action for damages. It is a duty of switch crews with knowledge, or the means of knowledge, that persons are loading or unloading cars, to warn them of an intention to switch the cars over a track on which their car is placed. These persons do not assume the risk of injuries from this cause. The persons

actually at work must be notified.  It is not sufficient to notify their employers."

To the sixth instruction of the court objection is made that it constitutes an invasion of the province of the jury.  The instruction told the jury that, in ascertaining whether the defendant used such care and diligence as an ordinarily prudent man would exercise under such circumstances, they might take into consideration all of the circumstances which existed at the time, such as the extent of the jar, if any, whether proper signals were given of the approach of the train or engine, the presence or absence of obstructions, and all other facts and circumstances which existed at the time or immediately prior thereto.  While the court may not charge the jury upon the weight or sufficiency of the evidence to establish issuable or essential facts, for to judge of the credibility of witnesses and how far evidence is of weight in establishing a given fact is a matter exclusively within the province of the jury, we do not think the instruction in any wise inveighed against this well-recognized fundamental. While the court should at all times be careful not to mislead or influence the jury by singling out and giving undue prominence to a particular fact in a case, or to unduly emphasize the contention of either party, yet there is no reason why the court should not, as here, refer to particular parts of the evidence and advise the jury as to the rules of law applicable to such facts.  *Haines v. Goodlander*, 73 Kan. 183, 84 Pac. 986.

A case very much in point is that of *Shea v. City of Muncie*, 148 Ind. 14, 46 N. E. 138, 144.  There the jury were told that, in determining the question whether the appellant sold the liquor to be used upon the premises, they might consider the quantity sold, the manner of its delivery, the vessel used, if any, to deliver it, and whether the same was drunk upon the premises in the presence of the defendant without objection on his part, together

with all the circumstances bearing upon the question. It was urged that it was error to name the circumstances that they might consider, but the court held otherwise, and said:

"So long as the circumstances named were such as the jury might consider (and counsel do not deny that they were), and so long as the court did not tell the jury that they were bound to consider them, and each of them, the court did not invade the province of the jury."

Here the court, both at the beginning and conclusion of the instruction, made it clear to the jury that they should take into consideration all of the circumstances, as well as all facts which existed at the time or immediately prior thereto, including the jar of the cars, if such were proven, whether proper signals were given of the approach of the train or engine, and the presence or absence of obstruction. These were all competent facts for the jury to consider, as we have heretofore seen. Nowhere did the court comment upon the weight to be given this evidence, or its sufficiency to establish any of the issues, or the credibility of the witnesses testifying to said facts.

On the same question, in *Beattie v. Hill*, 60 Mo. 72, it was held that an instruction which told the jury that they might consider certain evidence as tending to prove a particular fact, but which made no comment as to its weight or effect, was not for that reason improper.

It is next urged that the giving of the tenth instruction constituted reversible error, in that the court did not limit the amount of the recovery to each item of damage not to exceed the amount claimed in the plaintiff's petition. Five of the seven cases cited by counsel in support of their position are *Shinn v. United Railways Co.*, 146 Mo. App. 718, 125 S. W. 782; *Smoot v. Kansas City*, 194 Mo. 513, 92 S. W. 363; *Heinz v. United Railways Co.*, 143 Mo. App. 38, 122 S. W. 346; *Tinkle v. St. Louis & S. F. R. Co.*, 212 Mo. 448, 110 S. W. 1086; *Houston Electric R. Co., v.*

*Green,* 48 Tex. Civ. App. 242, 106 S. W. 463. While in the former opinion the judgment of the trial court was reversed, a vigorous dissenting opinion was filed by Presiding Judge Reynolds, and under the law of that state, the cause was certified to the Supreme Court, where the judgment of the trial court was affirmed in *Shinn v. United Rys. Co.,* 248 Mo. 173, 154 S. W. 103. In the case of *Erdmann v. United Railways Co.,* 174 Mo. App. 245, 156 S. W. 764, the railway company relied for a reversal upon *Smoot v. Kansas City, supra; Heinz v. United Railways Co., supra; Tinkle v. St. Louis & S. F. R. Co., supra,* and the the decision of the Court of Appeals in the Shinn Case. It was said by the court, in the course of the opinion, that the instruction complained of did not limit the amount of recovery for medical attendance and services to the sum pleaded, and that the cases cited seemed to hold this as error; but the court said:

"In the recent case of *Shinn v. United Railways Co.,* where the same point was made on the instructions, and in which the majority of our court held in the same case that the instruction should have limited the recovery for medical attendance to the amount claimed, our Supreme Court has disapproved of that, holding that it was unnecessary, in the instructions, to place a limit upon each specific item of damages alleged to have been sustained."

And such we understand to be the present rule of decision in Missouri. With regard to the Texas decision above cited, we find in a later opinion of that court (*Sumner v. Kinney* [Tex. Civ. App.] 136 S. W. 1192) the court charged generally as to the damages sustained, without limiting the amount of recovery on each element specified to the amount claimed. Appellant, for a reversal, relied upon the Missouri Court of Appeals decision in the Shinn Case. At the time the opinion in that case was written, the Supreme Court of Missouri had not passed upon the appeal certified to it. The Texas court, however, did not follow the Missouri Court of Appeals decision, but said

that, no effort having been made in the trial court to have
the charge framed as it was contended it should have
been, the assignment should be overruled.   It is a rule of
very general application that, if instructions given are
correct as far as they go, it cannot be assigned as error
that the court omitted to instruct on all points involved
in the case, if the attention of the court has not been
called thereto by special requests for instructions on those
points.   This statement of the rule is taken from 38 Cyc.
1693, where opinions from almost every state, as well as
of the federal courts, are cited.   If the court's charge be
not sufficiently full, or sufficiently specific, it is the duty
of the party who considers himself aggrieved thereby to
request fuller or more specific instructions from the court,
and if he fails so to do, there is no basis for an assign-
ment of error to the giving of such instructions.   The
saving of exceptions thereto will not suffice, not being
equivalent to a request for a fuller or more specific in-
struction.   Such is the rule in this state.   *Chicago Live
Stock Commission Co. v. Fix.* 15 Okla. 37, 78 Pac. 316;
*Huff v. Territory,* 15 Okla. 376, 85 Pac. 241; *First Nat.
Bank of Muskogee v. Tevis et al.,* 29 Okla. 714, 119 Pac.
218; *Chicago, R. I. & P. Ry. Co. v. Baroni,* 32 Okla. 541,
122 Pac. 926; *St. Louis & S. F. R. Co. v. Crowell,* 33 Okla.
773, 127 Pac. 1063; *Chicago, R. I. & P. R. Co. v. Radford,*
36 Okla. 657, 129 Pac. 834; *Livingston v. Chicago, R. I.
& P. Ry. Co.,* 41 Okla. 505, 139 Pac. 260.   In the present
case the defendant company asked no instruction upon the
measure of damages.   No attempt was made by it to point
out the proper elements of damage or to modify the
general language of the instruction.   In its general
scope the instruction is not erroneous; and if in the
opinion of counsel for defendant the instruction was likely
to be misunderstood by the jury, it was counsel's duty to
ask the modifications or limitations in an instruction
embodying their views.   The court is not required in a

civil case to instruct on all questions that may arise on the trial, whether suggested or not; and, as there is nothing in the amount of the verdict to indicate that the jury were actuated by any improper motive in their assessment of the damages, the general nature of the instruction furnishes no ground for reversal, for even though the giving of the instruction was error, yet, if it caused no prejudice to defendant, it will not require a reversal of the judgment by this court. *St. Louis, I. M. & S. R. Co. v. Marlin,* 33 Okla. 510, 128 Pac. 108. In *Great Western Coal & Coke Co. v. Coffman,* 43 Okla. 404, 143 Pac. 30, it was held that, even though the court in its instruction failed to limit the jury to the assessment of pecuniary damages, as it was not claimed that the judgment was excessive, the error was harmless. The opinion reviews many authorities, and from it the rule may fairly be announced that, although the instructions of the court as to the measure of damages may be erroneous, yet, where the verdict is unmistakably in accordance with the evidence, and consonant with justice, and not excessive, the judgment thereon ought not to be disturbed.

Instruction No. 11 cannot be availed of by plaintiff in error as grounds for reversal. If harmful at all, it injured the plaintiff, and he alone.

The giving of instruction No. 15 cannot be considered, for the reason that no exceptions thereto were saved in the trial court. Requested instructions Nos. 5 and 6 neither correctly stated the law applicable to the facts; hence there was no error in the refusal of the court to give said instructions. *Missouri, K. & T. R. Co. v. West,* 38 Okla. 581, 134 Pac. 655.

It is urged that the failure of the court to give defendant's requested instruction No. 8 constitutes reversible error. The giving of this instruction would have relieved the defendant company from all liability, provided

that the other employees of the compress company, out-
side the car in which plaintiff was at work, saw the cars
of the defendant company moving upon the storage track
preparatory to coupling onto the car in which plaintiff
was working. The instruction further told the jury that
it was the duty of such employees to notify the plaintiff
of the approach of said cars, and that their failure to do
so was negligence on the part of the servants and agents
of the compress company, and in that event plaintiff could
not recover of defendant. If the plaintiff was rightfully
in the car (and the testimony all tends to show that he
was), and the employees of the defendant company knew
or had reason to suspect his presence there, it was then
defendant's duty to notify him that the car was about to
be moved; and that duty would remain unaffected by the
fact that other employees of the compress company may
have observed the approaching cars. Their knowledge of
the situation would not deprive the plaintiff of his right
to be notified of the approaching danger, or release the
defendant from liability on account of its negligent acts.
*Central of Georgia R. Co. v. Duffey*, 116 Ga. 346, 42 S. E.
510; Elliott on Railroads (2d Ed.) sec. 1265c.

It is next urged that the verdict of the jury ($3,000)
is excessive. The record shows that plaintiff, when in-
jured, was 23 years of age, and that, according to the
mortality tables introduced, his expectancy of life was 40
years. The injuries by him sustained consisted in the dis-
location of his hip and bruises and injuries to his back.
The evidence further tended to show that, for some three
or four months from the date of the injury, the sacro-
sciatic nerve was completely paralyzed; that he suffered
intense agony for many weeks, was required to take
opiates, and was put in a plaster of paris cast, and kept
in it for three weeks, and was confined to his bed for
something over two months; that, during a large part of
the time he was so confined, his urine had to be drawn

with a catheter; that it was four months from the time of his injury before he could leave his room, and 14 months thereafter, or at the time of the trial, he could not walk without the use of crutches. His doctor bill was not to exceed $250. From October 23, 1911, until April, 1912, he was unable to work, and the time actually lost by him, at $1.75 per day, amounted to $255. There was testimony tending to prove that plaintiff was permanently injured, and his earning capacity thereby impaired. The question of excessive damages is one that has frequently been before this court, and the rule relating thereto is announced in *Choctaw, O. & G. R. Co. v. Burgess et al.*, 21 Okla. 653, 97 Pac. 271; *St. Louis & S. F. R. Co. v. Richards*, 23 Okla. 256, 102 Pac. 92, 23 L. R. A. (N. S.) 1032; *Independent Cotton Oil Co. v. Beacham*, 31 Okla. 384, 120 Pac. 969; *Muskogee Electric Traction Co. v. Reed*, 35 Okla. 334, 130 Pac. 157; *Chicago, R. I. & P. Ry. Co. v. Pitchford*, 44 Okla. 197, 143 Pac. 1146. Considering all of the facts connected with the plaintiff's injury, as well as the occurrences that took place at the trial, it appears clear to us that the verdict was not excessive, and it would unreasonably protract an already lengthy opinion to consider further this assignment.

Finally, the objection that the judgment should be reversed on account of misconduct of counsel in the argument of the case to the jury is, we think, not well taken, for the reason that, if made, the error is not properly saved for review.

The judgment of the trial court is affirmed.

All the Justices concur.