## KENWORTHY v. PENDERGRASS et al.

No. 9111—Opinion Filed Oct. 8, 1918.

Rehearing Denied Nov. 26, 1918.

(175 Pac. 939.)

(Syllabus.)

### Appeal and Error—Substantial Justice—Affirmance.

Record examined, and, it appearing that substantial justice has been done, the judgment of the trial court is affirmed.

Error from District Court, Wagoner County; Preston S. Davis, Assigned Judge.

Action by Amanda E. Pendergrass against Albert Kenworthy and another. Judgment for plaintiff against defendant Kenworthy, and he brings error. Affirmed.

Hughes & Milburne and Rutherford & Cosgrove, for plaintiff in error.

W. J. Crump, P. L. Newton, and J. S. Dickey, for defendants in error.

HARDY, J. Amanda E. Pendergrass recovered judgment against Albert Kenworthy for damages on account of injuries resulting from an assault and battery committed upon

her by defendant, from which judgment this appeal is prosecuted.

The petition alleged that plaintiff had received permanent injuries as a result of said assault and battery, and there was evidence from which the jury might reasonably infer that some of the injuries received by her were permanent; hence there was no error in submitting this issue to the jury.

Error was assigned upon certain rulings of the court with reference to the argument of counsel and upon certain instructions given. Plaintiff was 29 years of age, in good health, and previous to the assault was earning from $4.50 to $10 per week. After the assault, which occurred on or about the 9th day of March, 1915, she was unable to do any work until the following February. From February to the time of the trial, which was in November, 1916, she was unable to work about one-third of the time. From her testimony, which the jury must have believed, defendant hit her in the mouth with his fist, struck her in the right side and on the left shoulder with a spade, and then struck her in the face and threw her on the ground and got on her abdomen with his knees and commenced pounding and striking her and called for his son, Lloyd Kenworthy, who ran up and stuck a pitchfork in her knee. As soon as the difficulty was over, she immediately went to Coweta and was treated by a physician, who took four stitches in her knee and bandaged her side, putting her under the influence of ether in order to perform the operation. At the time of the trial there was a scar on her knee and marks of the assault were on her face and head. The doctor came to see her often for about eight weeks, treating her for the injuries, and afterwards visited her off and on, all summer. From the blow in her side, a lump was formed, and she suffered pain therefrom and from her limb; and pain being so severe for three weeks after the assault that she was unable to walk, and at times it was necessary to administer opiates to relieve her suffering. The physician's bill amounted to between $250 and $300. The court refused to permit the jury to consider the amount of this bill in estimating the damages. The reason therefor is not apparent, and we think this was a proper item and may be considered by us in determining whether the verdict was excessive. M., O. & G. Ry. Co. v. Collins, 47 Okla. 761, 150 Pac. 142. Plaintiff also expended over $30 for medicine In view of the character of the assault and the nature and extent of the injuries received, the verdict was small, and,

upon an examination of the entire record, we think substantial justice has been done, and under section 6005, Rev. Laws 1910, we are precluded from reversing this case because of any of the errors complained of.

The judgment is affirmed.