STATE OF IOWA v. E. L. CAVANAUGH, Appellant.

**Objection:** RULING WAIVED.  An objection to documents offered in evidence is waived by failing to ask for a ruling thereon, which was reserved at the time the offer was made.

**Practice:** JUROR AS WITNESS.  A statement by the court that if any of the jurors have any personal knowledge of the facts in controversy, it is his duty to declare same in open court, in response to which one of the jurors whose name was indorsed on the indictment as a witness before the grand jury, states that he has knowledge of the case, and testifies thereto, as a witness, is proper under Code 4433, providing that if a juror has personal knowledge of a fact in controversy, he must declare the same in open court, during the trial, and such a proceeding is not objectionable on the ground that there were only eleven jurors when the testimony was given.

*Appeal from Benton District Court.*—HON. G. W. BURNHAM, Judge.

WEDNESDAY, OCTOBER 7, 1896.

INDICTMENT for nuisance.  Verdict of guilty, and a judgment.  Defendant appealed.—*Affirmed.*

*Tom H. Milner, Cato Sells,* and *Matt Gaasch* for appellant.

*Milton Remley,* attorney general, for the state.

GRANGER, J.—I.  The only questions for our consideration are as to the actions of the court in admitting evidence.  It appears that, for the period in which it is sought to establish the unlawful keeping and sales, the defendant was engaged in business with one, Pierce, who was an accredited pharmacist, with a permit to sell liquors for lawful purposes. Pierce made returns of his sales to the county auditor, under the law.  On the trial of the indictment, the deputy county auditor was a witness, and produced,

from the auditor's office, a bi-monthly report of Pierce, for March and April, 1895, which, upon being identified, was admitted in evidence, as well as certain written requests for liquor. These were objected to, because it was Pierce's report, and the transactions exclusively his. These items of evidence were identified by number. To properly understand the admissibility of this evidence, it is important to understand the circumstances under which it is claimed the sales were made. These are indicated by the following instructions, given by the court: "(5) Evidence has been introduced on the trial of this cause, tending to prove that the defendant, at and within Benton county, Iowa, and within one year prior to September 10, 1895, was concerned, engaged, or interested with one, W. H. Pierce, in conducting a pharmacy, and that, while so conducting said pharmacy, said W. H. Pierce held a permit from the district court, in and for Benton county, Iowa, to sell intoxicating liquors for the actual necessities of medicine. If you find, from the evidence, that the foregoing facts are established, then you are instructed that the defendant would not be guilty for any sales made by the said W. H. Pierce, while he had such permit, made in good faith, for the actual necessities of medicine only. But if you find, from the evidence, beyond a reasonable doubt, that any sales so made during said time, by W. H. Pierce, during the time he held such permit, were not made in good faith, and for the actual necessities of medicine, and that the defendant was in any way concerned, engaged, or employed in owning or keeping the intoxicating liquors so sold, and had knowledge of or gave his consent to such sales, then the defendant is guilty, and you should so find." The instruction, which is not questioned to us, discloses the grounds upon which the reports and requests of sales were admitted in evidence. If Pierce was

engaged in the unlawful sale of liquors under color of a permit, and the defendant was in any way aiding in such unlawful sales, knowingly, there could be no question of his guilt, and evidence that tended to show such facts was proper; and it may be said that other evidence leaves little doubt of the fact. A bundle of these requests, known as "Exhibit 119," was offered in evidence, and objected to, because it appeared from the testimony of the deputy auditor that it was before the grand jury, and not examined by it; and it was urged that "it was not a witness before the grand jury in any sense," and no notice was given, etc. The court reversed its ruling on the objection, and none seems to have been made; but it is said in argument that, "without any ruling, the same got into the record." The record does not so indicate. The record stands with the offer, the objection, and the ruling reserved. The exhibits are not set out in the record, and we see nothing to make it appear that the exhibit in question was considered. But, if it should so appear, the facts must have been known to the parties; and if they permitted the cause to be submitted, without asking for the ruling reserved, the objection would be treated as waived.

II. E. D. Troxel was a member of the jury that tried the indictment. Troxel was also a witness before the grand jury, and his name was indorsed on the indictment as such. Troxel's relation to the case was known when he was accepted as a juror, and neither party asked of the juror any question concerning his qualifications to sit. After the taking of the testimony had commenced, and at the conclusion of the examination of a witness, the court said: "If any of the jurors in the trial of this case have any personal knowledge respecting the fact, in controversy in this cause, it is your duty to declare the same in open

court." The juror Troxel said: "Guess that means me. I have knowledge of the case." The court then directed him to be sworn as a witness, which was done, against objections, and his testimony was taken. The complaints are that Troxel was taken from the jury box, and used as a witness, as a consequence of which the trial was proceeding to eleven jurors; that it was no part of the court's duty to admonish the juror; that the duty of declaring what he knew rested alone with the juror. The following is section 4433 of the Code: "If a juror have any personal knowledge respecting a fact in controversy in a cause, he must declare the same in open court during the trial; and if, during the retirement of the jury, a juror declare any fact which could be evidence in the cause, as of his own knowledge, the jury must return into the court, and the juror must be sworn as a witness, and examined in the presence of the parties, if his evidence be admissible." In the examination of the witness, the letter and spirit of the law was observed. The complaint is as to the method by which it was accomplished. The court, openly, and in a way as free from objection as could well be, repeated to the jury the requirements of the law. Had the juror, from his knowledge of the law, risen, and said to the court, "I have personal knowledge of the facts in issue in this case," we assume that no one could question the propriety, or the legality, of his being sworn and examined. Why? Because the law so directs. The action of the court secured the same result. The jury was an integral part of the court, for the purposes of the trial, and the disclosure was a duty the court, as organized, owed to the parties. There is no force in the claim that, because the juror took the witness stand, or gave testimony, the proceeding was a trial to eleven jurors. The testimony was as much to the juror who was a witness, as to the others, and the purpose

was to have all act upon sworn evidence, and evidence that was the same. It is said that Troxel's testimony was important, and that is true, for it shows the unmistakable guilt of the defendant; and it is the view from this standpoint of observation that impresses the appellant that the action of the court, if followed, will be destructive of the rights and liberties of the people and the administration of justice.

There is a complaint that the court, in its comments, when ruling on the objection to the examination of the juror, made the remark that defendant "counsel knew that Troxel had been a witness in the former trial, involving the same facts;" and it is said that no such facts appear in the record. There is a slight misapprehension. The court's statement was, in effect, that counsel for defendant admitted that he knew Troxel had been a witness before the grand jury, "and in a former trial involving the same facts," etc. It so appears in appellant's abstract, which we take as true. Of this state of facts, there is no complaint. The verdict has abundant support in the evidence, and the judgment is AFFIRMED.