**Michael K. KALIANOV and Fay Kalianov, Appellees,**

v.

**Floyd W. DARLAND and Pioneer Advertising Company, Inc., a/k/a Pioneer Advertising Co., Inc., Appellants.**

No. 2–57881.

Supreme Court of Iowa.

April 20, 1977.

George Lindeman, of Lindeman & Yagla, Waterloo, for appellants.

Edward J. Gallagher, Jr. and Edward J. Gallagher, III, of Gallagher, Martin, Burk, Keith & Langlas, Waterloo, for appellees.

Heard by MOORE, C. J., and MASON, UHLENHOPP, HARRIS and McCOR-MICK, JJ.

McCORMICK, Justice.

The trial court entered judgment against defendants on jury verdicts awarding $90,-000 to plaintiff Michael Kalianov and $5250 to his wife Fay for injuries sustained by Michael when his automobile collided with one driven by defendant Floyd M. Darland in Waterloo on October 29, 1971. In this appeal defendants challenge evidentiary rulings relating to the issue of Michael's damages and procedural rulings concerning discharge of a juror and recall of an alternate. They also contend the trial court erred in overruling their motion for new trial based on newly discovered evidence and the size of Michael's verdict. We affirm the trial court.

I. *Rulings on evidence.* Prior to his injury Michael was a jazz pianist. He had performed professionally, arranged music and operated a night club in Waterloo. His left ulnar nerve was injured in the accident. He underwent nerve transplant surgery. Several years of therapy and additional treatment ensued. In the October 1974 trial, he claimed he was no longer able to work as a pianist because of permanent disability of his left hand and arm.

Defendants objected to some of the evidence offered by Michael to prove the extent of impairment of his earning capacity. They contend the trial court erred in overruling relevancy, hearsay, and opinion and conclusion objections.

Defendants assert their relevancy objections to six questions should have been sustained. Three of these questions were asked to establish the success and popularity of Frank D'Rone, a singer with whom Michael had performed. The accident terminated plans they had to perform together again. Two of the questions were calculated to elicit answers showing the income of trios of the kind to which he previously belonged. And through one question Michael attempted to demonstrate that he and D'Rone had entertained at places where artists of national renown performed.

The basic test of relevancy is whether the challenged evidence makes the desired inference more probable than it would be without the evidence. This determination is a matter for exercise of trial court discretion. *State v. Engeman,* 217 N.W.2d 638, 639 (Iowa 1974).

The record shows Michael and D'Rone had rehearsed before the accident for a concert tour of college campuses. The trial court could conclude evidence of Michael's past success with D'Rone and the later success of D'Rone which Michael's injury prevented him from sharing had some probative force in establishing the diminution in his earning capacity by reason of the injury. Evidence of earnings of trios of the kind to which Michael previously belonged could be found to have similar probative value. It was not an abuse of discretion for the trial court to overrule defendant's relevancy objections to the six questions.

Defendants allege the court erred in overruling hearsay objections to three questions. Michael was asked whether he ever had an opportunity to play with the Louis Armstrong band. He was also asked whether he knew where Frank D'Rone was scheduled to perform in 1971 and 1972 and, after he answered affirmatively, the names of some of these places.

An assertive statement made by a person while testifying at trial is not hearsay. By definition, hearsay is a statement *other than one made by the declarant while testifying at the trial* which is offered in evidence to prove the truth of the matter asserted. See *State v. Miller,* 204 N.W.2d 834, 840 (Iowa 1973). The first question called for an assertive statement by Michael purportedly based on his personal knowledge. It contemplated an answer which would rest on his credibility, not that of an out-of-court declarant. It did not call for hearsay. See II Wigmore on Evidence § 657 (Third Ed. 1940); V Wigmore on Evidence § 1361 (Chadburn Rev. 1974); McCormick on Evidence §§ 10, 246 and 247 (Second Ed. 1972). The second question was preliminary to the third. Assuming, without deciding, Michael's answer to the third question would necessarily be derived from information he obtained from D'Rone, defendants were not prejudiced. D'Rone testified and gave the same evidence. The purposes of the hearsay rule were satisfied.

■ Three other questions were objected to on the ground they called for opinions and conclusions. These objections were inadequate to preserve error. An objection to a question on the ground it calls for an opinion and conclusion is worthless standing alone because it lacks requisite specificity. *Bengford v. Carlem Corporation,* 156 N.W.2d 855, 865 (Iowa 1968).

■ Defendants also complain about the court's ruling on their offer of a certified copy of bankruptcy papers filed by Michael in 1969. The court held the papers could be marked as an exhibit and used in cross-examination of Michael. However, the court sustained an objection by plaintiffs to inquiry about individual debts listed on the exhibit, except a debt to Michael's sister, on the ground that the possible prejudicial effect of identifying Michael's individual debts, except the one to his sister, outweighed the probative value of such evidence. No other limitation was placed on defendants' use of the exhibit, and defendants did not establish the relevancy of identifying additional individual debts. The court sustained Michael's objection to the offer of the exhibit on the ground the bankruptcy schedules listed the individual debts about which inquiry had been proscribed.

A trial court has discretion to exclude evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence. *State v. Harmon,* 238 N.W.2d 139, 144 (Iowa 1976). Defendants have not demonstrated an abuse of discretion here.

We find no merit in any of defendants' challenges to trial court rulings on evidence.

II. *Procedural rulings.* Defendants contend the trial court erred in substituting an alternate juror for a regular juror after the jury had retired to deliberate. They assert the court should have followed § 624.14, The Code, when it learned the regular juror, Dean Winter, had made out-of-court observations of Michael which would be relevant evidence on the issue of his claimed disability, should not have excused juror Winter, and should not have recalled alternate juror to take Winter's place.

The problem occurred about 15 minutes after the jury was instructed and retired to deliberate. The alternate juror had been excused with an admonition not to discuss the case until after the jury returned its verdict. The bailiff informed the judge that Winter had expressed concern to him about out-of-court observations he had made during a trial recess. The judge called Winter into chambers and questioned him on the record in the presence of counsel. Winter testified he observed Michael in the courtroom "holding his arm quite severely" but saw him on the street during a trial recess and "thought he was handling his cigarette pretty well and smoking, and really flipping it around." He said he concluded Michael "was doing a little fake" in the courtroom but assured the judge he would not let it influence his verdict.

Plaintiffs' counsel moved that Winter be excused. The judge sustained the motion

over defendants' objection. Defense counsel refused to stipulate to allow the remaining 11 jurors to decide the case. The judge then directed that the alternate juror be recalled to replace Winter. In excusing Winter and recalling the alternate, the judge said the other 11 jurors were just waiting for further instructions and had not engaged in any substantial discussion.

■ The first issue is whether the trial court erred in failing to follow § 624.14, The Code, when juror Winter's information was brought to its attention. That provision makes § 780.17, The Code, applicable in civil cases. Cf. Acts 66 GA Ch. 1245, ch. 4, § 499. Section 780.17 provides:

> If a juror have personal knowledge respecting a fact in controversy in a cause, he must declare the same in open court during the trial, and if, during the retirement of the jury, a juror declares any fact which could be evidence in the cause, as of his own knowledge, the jury must return into court, and the juror must be sworn as a witness and examined in the presence of the parties, if his evidence be admissible; and in support of a motion to set aside a verdict, proof of such declaration may be made by any juror.

Plaintiffs allege defendants failed to preserve error on this issue because they raised the applicability of the statute for the first time in their motion for new trial.

Although defendants argue otherwise we do not believe the trial court should be put in error for not following a statute whose procedures were not invoked until too late to use them. See *State v. Snethen*, 245 N.W.2d 308, 315–316 (Iowa 1976).

■ Moreover, the procedures in § 780.-17 are designed to assure that a juror who has evidence gives it to the other jurors under oath, on the record and subject to cross-examination rather than through unsworn, unreported and *ex parte* declarations during the course of deliberations. *State v. Cavanaugh*, 98 Iowa 688, 68 N.W. 452 (1896). Juror Winter did not disclose his observations to the other jurors during their deliberations in the present case. Therefore the evil which the statute is de-

signed to prevent was avoided when Winter was excused. It is true defendants were deprived of Winter's evidence, but they did not make a timely attempt to obtain it. Under this record, the trial court did not err in failing to apply §§ 624.14 and 780.17.

■ The second issue is whether the court erred in excusing Winter. Defendants argue that a juror can legitimately consider out-of-court observations just as he can consider in-court observations. We do not agree. A litigant is entitled to have his case determined solely upon the evidence presented in open court. This includes the right of jurors to consider the in-court demeanor and conduct of witnesses, but it does not include a right of jurors to consider evidence gathered by them outside the courtroom. *Harden v. Illinois Central Ry. Co.*, 253 Iowa 341, 112 N.W.2d 324 (1961). Nor is it essential, as asserted by defendants, that this proscription be limited to evidence gathered through jury misconduct. The threat to a litigant's right to fair trial is the same whether the out-of-court evidence is obtained through misconduct or by inadvertence.

Certainly if Winter possessed the same information at the time of *voir dire*, the trial court would have acted within its discretion in sustaining a challenge to him for cause on that ground. § 607.3, The Code. On the same principle, the court has discretion to excuse a juror when grounds for disqualification or challenge arise later. *State v. Critelli*, 237 Iowa 1271, 24 N.W.2d 113 (1946). The court did not abuse its discretion in excusing juror Winter.

■ The third issue is whether the trial court erred in recalling the alternate to serve in Winter's place. In asserting this was error, defendants rely on rule 189, Rules of Civil Procedure, which provides that, "Alternate jurors shall in the order drawn replace any juror who becomes unable to act or is disqualified *before the jury retires* and if not so needed shall then be discharged." Defendants contend the rule does not authorize recalling an alternate after the jury has retired and the alternate

has been discharged. They objected to the recalling of the alternate on this ground for the first time in their motion for new trial. The objection was untimely and did not preserve error.

Other courts which have reached the merits of such contentions have held it is not reversible error to substitute an alternate for a regular juror in circumstances analogous to those in the present case. *United States v. Cohen,* 530 F.2d 43, 48 (5 Cir. 1976); *Smith v. State,* 241 Ind. 311, 170 N.E.2d 794 (1960). We find it unnecessary to reach the merits of defendants' contention.

Defendants have not established reversible error in the procedures followed by the trial court here in excusing the regular juror and replacing him with the alternate.

■ III. *New evidence.* Defendants contend the trial court erred in overruling their motion for new trial based on newly discovered evidence. The evidence which they claim entitled them to this relief was testimony of juror Winter to his out-of-court observations during trial and testimony of Wayne F. Marth, a musician who would say Michael could compensate for any impairment in his ability to use his left hand in playing the piano. Marth would also testify he saw Michael smoking, drinking and gesturing with his left hand in a local night club shortly before trial without any manifestation of abnormality.

In overruling the motion for new trial on this ground, the trial court said:

(a) That in the Court's opinion neither Mr. Marth's statements regarding the limited use of Mr. Kalianov's left hand in his particular style of play nor his statements regarding his observations of Mr. Kalianov's general use of his left hand and arm at Porky's Red Carpet in 1974 are sufficiently in the nature of newly discovered evidence to justify a new trial.

(b) That although the evidence in this case on behalf of the plaintiffs invited inquiry and investigation into the extent of the plaintiff's use of his left hand in his usual style of piano playing, no witness was called or examined by the de-

fense [on this subject], either in direct or cross examination.

(c) That it would appear the many persons who had opportunities to observe the plaintiff since the ulnar nerve transplant operation following the accident could have been called to testify concerning their observations of Mr. Kalianov's use of his left hand and arm.

(d) That although the members of the jury had an opportunity to observe the manner in which Mr. Kalianov handled his left hand and arm during the course of the trial, counsel for the defendants had an equal opportunity; thus defendants had ample opportunity to offer evidence relating to this matter. Although Mr. Marth may be a newly discovered witness, the Court is unable to conclude that the type of evidence he would present if called would not have been disclosed to the defense with reasonable investigation of those matters.

Principles applicable to granting a new trial based on newly discovered evidence are summarized in *Yoder v. Iowa Power and Light Company,* 215 N.W.2d 328, 334–335 (Iowa 1974). Applying them here, we do not think the trial court erred in finding the evidence proffered by defendants to be of a kind discoverable before conclusion of trial in the exercise of reasonable diligence. The court did not abuse its discretion in overruling the motion for new trial on this ground.

■ IV. *The size of the verdict.* Defendants contend the $90,000 verdict for Michael is so large it must have resulted from passion and prejudice of the jury and, in any event, lacks evidentiary support and denies them substantial justice.

Principles applicable to our review of this contention are discussed in *Olsen v. Drahos,* 229 N.W.2d 741 (Iowa 1975).

Although the verdict for Michael is large, it is within the evidence. The jury could find his injury was painful, serious and reasonably required extensive medical treatment, including hospitalization, surgery, therapy and consultation with special-

ists at the Mayo Clinic. He incurred medical and hospital expenses of approximately $3000. The jury also could find his disability was permanent and prevented him from gainful employment as a jazz pianist because of his inability to use his left hand in tasks requiring fine coordination. The record contains substantial evidence that Michael had earned as much as $12,000 to $14,000 annually as a performer before his injury. The jury could find his injury prevented him from earning $25,000 to $30,000 in 1972 and a like amount in 1973 because he was unable to perform with D'Rone. As defendants point out, he demonstrated he could not earn comparable amounts in alternative enterprises. He offered substantial evidence of extensive permanent diminution of his earning capacity. Under the whole record, we are unable to say the verdict resulted from passion and prejudice of the jury, is not supported by the evidence, or denies defendants substantial justice.

The trial court did not abuse its discretion in overruling defendants' motion for new trial on this ground.

We find no reversible error.

AFFIRMED.