Beverly HOGAN, Appellant,

v.

AMERICAN TELEPHONE & TELEGRAPH COMPANY, Appellee.

No. 86–1695.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 3, 1986.

Decided Feb. 23, 1987.

Lloyd Koelker, Kansas City, Mo., for appellant.

Jonathan R. Haden, Kansas City, Mo., for appellee.

Before HEANEY, WOLLMAN, and MAGILL, Circuit Judges.

PER CURIAM.

Beverly Hogan appeals from a district court [1] judgment in favor of American Telephone and Telegraph Company (AT & T) and from the order denying her motion for a new trial. We affirm.

## I. BACKGROUND

Hogan has been an employee of AT & T since 1966. She received various promotions, the last occurring in 1980 when she was promoted to a managerial accounting supervisor position. In April 1983, she was denied a salary increase, and she was thereafter demoted around July 1, 1983. Hogan claims she was demoted because of her race (black) and sex (female); AT & T claims she was demoted because of her inferior job performance.

Hogan filed suit against AT & T on January 1, 1984, alleging disparate treatment and retaliatory actions after she filed a complaint with the Equal Employment Opportunity Commission. Two counts under 42 U.S.C. § 1981 (1982) were tried to a jury, and two counts under 42 U.S.C. §§ 2000e–2000e–17 (1982) (Title VII) were tried to the court. The jury verdict was in favor of AT & T, and judgment on all four counts was entered for AT & T.

The issues on appeal concern evidentiary rulings made by the district court, and Hogan prays for a new trial on these grounds.

## II. ANALYSIS

The standard of review on questions concerning the admissibility of evidence is whether the trial court abused its discretion. *Smith v. Firestone Tire & Rubber Co.*, 755 F.2d 129, 134 (8th Cir.1985). Even with a clear showing of abuse, the error must have affected the substantial rights of the parties to warrant reversal of the district court. *K–B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1156 (10th Cir. 1985). *See* 28 U.S.C. § 2111 (1982); Fed.R. Evid. 103(a); Fed.R.Civ.P. 61.

### A. Appellant's Proffered Testimony of Prior Acts to Show Intent

Hogan proposed to call two witnesses to testify that an AT & T supervisor had a hostile and belligerent relationship with black employees and had previously made an unsubstantiated claim concerning one black woman employee's allegedly poor performance. The substance of this evidence was made known to the court by Hogan's offer of proof. The district court ruled that the evidence was inadmissible.

In denying Hogan's motion for a new trial, the district court ruled that the probative value of the evidence was outweighed by its likelihood to confuse the issues and to unduly delay the trial. The court noted that the evidence would have caused an investigation into· an unrelated claim and that the trial already had been unduly long.

Although evidence of a person's prior acts is inadmissible to prove character and that the person acted in conformity therewith, the evidence is admissible to prove motive and intent. Fed.R.Evid. 404(b). Proof of discriminatory intent is critical in disparate treatment cases. *Easley v. Anheuser-Busch, Inc.*, 758 F.2d 251, 255 n. 6 (8th Cir.1985) (citing *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 335–36 n. 15, 97 S.Ct. 1843, 1854–55 n. 15, 52 L.Ed.2d 396 (1977)). Proffered evidence of past acts of racial discrimination may be relevant to prove the defendant's intent or motive in his actions towards the plaintiff. *Jay Edwards, Inc. v. New England Toyota Distributor, Inc.*, 708 F.2d 814, 824 (1st Cir.), *cert. denied*, 464 U.S. 894, 104 S.Ct. 241, 78 L.Ed.2d 231 (1983); *Morris v. Washington Metro. Area Transit Authority*, 702 F.2d 1037, 1045 (D.C.Cir.1983) (prior acts of employer have bearing on whether improper motive was but for cause of retaliatory discharge); *Miller v. Poretsky*, 595 F.2d 780, 784 (D.C.Cir.1978) (prior acts of landlord towards other black tenants have

---

**1.** The Honorable Ross T. Roberts, United States District Judge for the Western District of Missouri.

bearing on whether he discriminated against plaintiff, also a black tenant).

■ Relevant evidence may nevertheless be excluded if its probative value is substantially outweighed by a danger of confusion of the issues or of undue delay. Fed. R.Evid. 403.[2] This was the basis for the district court's ruling not to admit the evidence and the order denying Hogan's motion for a new trial. Although we question whether Hogan's evidence posed an unwarranted risk of investigation into collateral issues when AT & T, as discussed *infra*, was permitted to introduce opinion testimony that certain other employees had not observed discriminatory acts by AT & T supervisors, we conclude that Hogan's substantial rights were not affected.

■ The facts surrounding the other past incident were sufficiently different that the admission of the prior act would not have led to an affirmative finding that Hogan was discriminated against. Furthermore, one past incident alone is insufficient to establish racial animus. *Miller*, 595 F.2d at 785 (possibility of other factors would reduce or vitiate impact of one incident). Consequently, the exclusion of the proffered evidence, even if erroneous, did not affect Hogan's substantial rights, and reversal on this ground is not warranted. *A fortiori*, the district court's denial of the motion for a new trial did not constitute an abuse of discretion.

### B. Appellee's Use of Opinion Testimony

At trial, AT & T asked some witnesses whether they had observed any discriminatory acts by AT & T supervisors. AT & T also asked some supervisors whether they had intended to discriminate. Hogan objected to these questions on the ground that they called for legal conclusions.[3] The court overruled the objections.

A lay witness may give his opinion only if it is based on his perception and is helpful either in understanding his testimony or in determining factual issues. Fed.R.Evid. 701. Furthermore, the opinion testimony is to be weighed against the concerns enumerated in Fed.R.Evid. 403. *Bohannon v. Pegelow*, 652 F.2d 729, 732 (7th Cir.1981). All of these considerations are matters peculiarly appropriate for the district court, exercising its discretion, to rule upon. *Id.*; *Trotter v. Todd*, 719 F.2d 346, 349 (10th Cir.1983) (qualification of lay witness to give opinion testimony within court's discretion). Opinion testimony that is admissible under these guidelines does not become inadmissible because it addresses an ultimate issue in the case. Fed.R.Evid. 704; *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 239 (5th Cir.1983). *See Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985) (Fed.R.Evid. 704 shifts focus from "ultimate issue" to "otherwise admissible"). Consequently, the proper analytical focus in Hogan's appeal is whether the evidence was helpful to the factfinder.

■ Opinion testimony is not helpful to the factfinder if it is couched as a legal conclusion. *Torres*, 758 F.2d at 150. The requirement of "helpfulness" assures against admitting opinions which would in essence tell the factfinder what result to reach. *Owen*, 698 F.2d at 240 (question asking for legal conclusion supplies factfinder with no information other than what witness believes verdict should be); *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 511 n. 17 (2d Cir.), *cert. denied*, 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977). Because the judge and not a witness is to instruct the factfinder on the applicable principles of law, *Id.* at 509–10, exclusion of opinion testimony is appropriate if the terms used have a separate, distinct, and special legal meaning. *Torres*, 758 F.2d at

---

**2.** Exclusion under Fed.R.Evid. 403 is an extraordinary remedy and should be. used sparingly. *K–B Trucking Co.*, 763 F.2d at 1155. Nevertheless, the district court is in a better position than we to evaluate the helpfulness of certain testimony and to make the subtle balancing required by Fed.R.Evid. 403. *Bohannon v. Pegelow*, 652 F.2d 729, 732 (7th Cir.1981).

**3.** AT & T argues that Hogan has not properly preserved her objections because she failed to object to *all* of these questions. Nevertheless, the court can address the instances in which Hogan did specifically object. *See* Fed.R.Evid. 103(a)(1).

151. This is true of the term "discriminate." *Id.* The task of separating questions calling for permissible factual responses from those calling for impermissible legal conclusions is not easy. *Owen,* 698 F.2d at 240.

■ Any error in overruling these objections was harmless. Although the jury may become more impressed by the opinion if the opponent is compelled to cross-examine the witness to expose his lack of familiarity with the governing legal principles, *Marx & Co.,* 550 F.2d at 511, Hogan's case is different. The court, at least once in response to Hogan's objection to AT & T's question using the word "discriminate," stated that the witness could answer on the basis of the lay version of the term: that people are treated differently because of their race. Hogan replied that the definition was sufficient. Hogan does not argue on appeal that this definition was erroneous as compared to the appropriate jury instructions in section 1981 race and sex discrimination suits. Consequently, the risks attendant in *Marx & Co.* were not present in Hogan's trial. Furthermore, the judge, who tried the two Title VII claims, was not likely to be misled by lay witness opinion using the term "discriminate." *Cf. Id.* at 510 (judge's legal knowledge makes witness' testimony containing legal conclusions superfluous).

## III. CONCLUSION

The judgment is affirmed. AT & T's motion for costs and attorney's fees is denied.