875 F.2d 868
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Harvey DOW, Defendant-Appellant.
 No. 88-1630.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1989.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 James Harvey Dow appeals his conviction by a jury for mailing threatening communications in violation of 18 U.S.C. Sec. 876. We reverse Dow's conviction.
 
 
 2
 On October 20, 1987, Dow was charged in a one count indictment for mailing a threatening communication on August 26, 1987 to the Director of the Internal Revenue Service in violation of 18 U.S.C. Sec. 876. Following a jury trial in April 1988, Dow was found guilty, and he was sentenced on June 9, 1988 to five years imprisonment and to a period of study as prescribed in 18 U.S.C. Sec. 4205(c) and (d). Dow filed a notice of appeal on June 13, 1988. In November 1988, Dow was resentenced; he received a suspended sentence of eighteen months and was placed on probation for a two year period.
 
 
 3
 Evidence produced at trial showed that Dow had been involved in a dispute with the Internal Revenue Service. Dow had been assessed a penalty for striking the jurat from his tax return and had had his bank account levied to collect the assessed penalty. In response to these actions by the Service, Dow sent three letters to the Service, dated August 21, 1986, September 12, 1986, and August 26, 1987, respectively. Dow stated in these letters that he could use money to explode government buildings and that he might be forced to commit a criminal act to bring people's attention to the criminal acts of the Service. Service employees Rose Schulkers and Estelle Schroth notified Inspection Services about the September 1986 and August 1987 communications. The receipt of the September 1986 letter also prompted an investigation by Agent Robert Piper of the Treasury Department; Piper telephoned Dow regarding the September 1986 letter and personally interviewed him as well.
 
 
 4
 On appeal, Dow argues that the district court erred in permitting Service employees Schulkers and Schroth and Treasury Agent Piper to testify as to their personal opinions and reactions to Dow's letters. These witnesses were allowed by the district court to testify that they thought the letters were threatening, which relates to the ultimate issue in this case. We agree with Dow that admission of such opinion testimony by lay witnesses was improper under Rule 701 of the Federal Rules of Evidence because the testimony was not helpful to the jury. Mitroff v. Xomox Corp., 797 F.2d 271, 276-77 (6th Cir.1986). See also Hogan v. American Telephone and Telegraph Co., 812 F.2d 409, 411-12 (8th Cir.1987); Torres v. County of Oakland, 758 F.2d 147, 150-51 (6th Cir.1985). The members of the jury in this case were fully capable of reading Dow's letters and determining whether the letters constituted threatening communications. The opinion testimony of witnesses Schulkers, Schroth and Piper could not aid the jury in determining whether the letters were threatening because the jurors' opinions on this issue were as valid as the witnesses' opinions. Thus, the district court committed error by admitting the opinion testimony of the three lay witnesses.
 
 
 5
 Because the district court erred in admitting the opinion testimony of Schulkers, Schroth and Piper, we reverse the judgment of the district court. Although appellate courts are usually reluctant to overturn lower court decisions on the basis of improper evidentiary rulings, we believe that the determination of whether Dow's August 1987 letter constituted a threat was a close question and that the improper admission of the testimony of two Service officials and a Treasury agent may therefore have had a highly prejudicial effect. Mitroff, 797 F.2d at 277.
 
 
 6
 Accordingly, the judgment of the district court is reversed.