United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2452

_____

| | | |
|---|---|---|
| Johnny F. Harris, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas |
| Allen King, Jail Administrator; | * | |
| Craighead County, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: December 11, 1997
Filed: December 30, 1997

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.


Johnny F. Harris appeals from the final judgment of the United States District Court[1] for the Eastern District of Arkansas, entered upon a jury verdict in favor of Craighead County jail administrator Allen King in this 42 U.S.C. § 1983 action claiming an Eighth Amendment violation. For the reasons discussed below, we affirm.

---

[1]The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Harris alleged that King denied him prescription blood pressure medication when he was admitted to the jail, and that the delay in obtaining medical treatment caused him permanent damage. After several continuances, the case proceeded to jury trial. Before the start of the second and final day of trial, Harris was taken to the hospital. Over Harris's counsel's objections, the district court ordered the trial to proceed without Harris's presence. The jury returned a verdict in favor of King.

On appeal Harris, now pro se, argues that he received ineffective assistance of counsel, that the district court erred in denying a continuance after he became ill, that the admission of confusing evidence was prejudicial absent proper limiting instructions, that he was denied a fair jury selection when jurors who had (or knew someone with) high blood pressure were excluded, and that he was prejudiced when some jurors saw him in shackles in the courthouse.

Harris's argument that his attorney failed to represent him adequately is not a ground for setting aside a judgment in a civil case. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988); Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam).

Neither the Fifth Amendment's Due Process Clause nor the Seventh Amendment right to jury trial guarantees a civil litigant an absolute right to be present during the trial. See American Inmate Paralegal Ass'n v. Cline, 859 F.2d 59, 62 (8th Cir.) (per curiam), cert. denied, 488 U.S. 996 (1988); Helminski v. Ayerst Labs., 766 F.2d 208, 213 (6th Cir.), cert. denied, 474 U.S. 981 (1985). We review for abuse of discretion the district court's decision to proceed with the trial. See Rydder v. Rydder, 49 F.3d 369, 373 (8th Cir. 1995). A denial of a continuance is an abuse of discretion where the ill party's testimony is necessary, a continuance would not unduly prejudice other parties, and the motion is not motivated by procrastination, bad planning, or bad faith. See Gaspar v. Kassm, 493 F.2d 964, 969 (3d Cir. 1974); Latham v. Crofters, Inc., 492 F.2d 913, 916 (4th Cir. 1974). Based on the district court's consideration of several

factors--i.e., that Harris had only a qualified right to be present, he was represented by counsel, counsel had been notified of the intended defense witnesses, the trial had been continued five times, and Harris had an opportunity to testify on the first day of trial and defense waived completion of cross-examination--we conclude the district court did not abuse its discretion in denying a continuance after Harris became ill.

Admission of evidence is likewise reviewed under an abuse-of-discretion standard. See Hogan v. American Tel. & Tel. Co., 812 F.2d 409, 410 (8th Cir. 1987) (per curiam). To warrant reversal, an error must affect the substantial rights of a party. See id. That evidence is conflicting or confusing is not, alone, grounds for exclusion. The jury's job is to sort out conflicting and confusing evidence. Harris argues that a limiting instruction was required to explain the purpose for which the evidence was intended, but he did not request such an instruction, and the district court's failure to sua sponte give it was not plain error. See Rush v. Smith, 56 F.3d 918, 922 (8th Cir.) (en banc), cert. denied, 116 S. Ct. 409 (1995).

Even assuming jurors having some connection to persons with high blood pressure were excluded, high-blood-pressure sufferers do not constitute a separate group which must be represented. See Duren v. Missouri, 439 U.S. 357, 364 (1979) (to make fair-cross-section claim, defendant must show exclusion of "distinctive" group in community). We conclude Harris was not prejudiced by being seen in shackles because he testified he was presently incarcerated.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-