# IN THE COURT OF APPEALS OF IOWA

No. 20-0262
Filed October 21, 2020

**GERALD F. DETERS and LYNN RAHFELDT,**
    Plaintiffs-Appellees,

**vs.**

**INTERNATIONAL UNION, SECURITY, POLICE AND FIRE PROFESSIONALS OF AMERICA, LOCAL UNION #249,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, James C. Ellefson, Judge.

A labor union seeks a new trial in an age discrimination suit brought by two part-time security guards. **AFFIRMED AND REMANDED.**

Matthew J. Clark of Gregory, Moore, Brooks & Clark, P.C., Detroit, Michigan, and Jay Smith of Smith & McElwain Law Office, Sioux City, for appellant.

Nicole S. Facio of Newbrough Law Firm, LLP, Ames, for appellees.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

A jury awarded part-time security guards Gerald Deters and Lynn Rahfeldt (the plaintiffs) damages in their age discrimination lawsuit against the International Union, Security, Police, and Fire Professionals of America, Local Union #249.[1] The jury found the guards met their burden in showing that a new process to bid for shifts discriminated against them as older workers. The union seeks a new trial on appeal. It alleges the district court abused its discretion by sustaining the plaintiffs' relevance objections when the union solicited the opinion of their coworkers about the discriminatory nature of the rebidding process. Detecting no abuse, we affirm.

## I.      Facts and Prior Proceedings

The plaintiffs worked as security guards at the National Animal Disease Laboratory in Ames. Both took their part-time positions after retiring from decades-long careers as professional firefighters. At the time of the alleged discrimination, Deters was sixty-one and Rahfeldt was sixty-eight years old.

In 2015, their employer—American Eagle Protective Services—adopted a new process for the guards to bid for work shifts. Under the rebidding process, full-time employees bid first by order of seniority and part-time employees bid

---

[1] The union represented the guards under a collective bargaining agreement. The plaintiffs originally included their employer, American Eagle Protective Services, as a defendant in the lawsuit. A third security guard, Mike Fitzgerald, joined the action against their employer but did not sue the union. The employer removed the case to the United States District Court for the Southern District of Iowa and moved to compel arbitration. *Deters v. Am. Eagle Protective Servs. Corp.*, No. 4:17-cv-00164-JAJ, 2017 WL 6460251, at *1 (S.D. Iowa Dec. 13, 2017). The federal district court granted that motion, holding the collective-bargaining agreement was the exclusive method for resolving the employees' claims against the employer. *Id.* at *5.

second by order of seniority. The employer changed its bidding model after union steward Angela Markley brought a grievance. Full-time workers like Markley resented that part-time employees received midweek "cush shifts"[2] while full-time employees had to work less desirable weekend shifts. Deters recalled Markley saying, "you retired guys don't need this job." She also complained to the other guards that they needed to get rid of the "old guys" because the part-time workers with higher seniority were "screwing" up the other shifts available to full-time employees. As a result of the rebidding process, Rahfeldt lost his regular shifts and settled for fill-in duties. The employer fired Deters in September 2015 after Markley reported that he called her a vulgar name.

The plaintiffs sued the union for age-based discrimination in 2017. They received a jury trial in 2019. The jury awarded Deters $64,000 in lost wages and $3,000 for emotional damages. It also awarded Rahfeldt $25,000 in lost wages and $25,000 for emotional distress. The union moved for a new trial, alleging the court improperly prohibited it from "presenting the testimony and opinions of similarly situated employees." The court overruled the motion, holding "[t]he excluded testimony was irrelevant and would not have been helpful to the jury." The union contests the new-trial ruling on appeal.

## II. Scope and Standards of Review

We review relevance rulings for an abuse of discretion. *State v. Tipton*, 897 N.W.2d 653, 691 (Iowa 2017). The district court may "exclude evidence when its

---

[2] According to Markley, "cush shifts" are part-time shifts where an employee works only two to three days a week without having to work Mondays, Fridays, or weekends.

probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." *Kalianov v. Darland*, 252 N.W.2d 732, 736 (Iowa 1977). The same standard applies to admission of lay opinions. *Whitley v. C.R. Pharm. Serv., Inc.*, 816 N.W.2d 378, 391 (Iowa 2012).

As we apply this deferential standard, we examine whether the district court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Buenaventura*, 660 N.W.2d 38, 50 (Iowa 2003) (citation omitted). A ruling is untenable if it is unsupported by substantial evidence or stems from a mistaken application of the law. *Id.* Even if we find an abuse of discretion, we will not reverse the ruling unless it caused prejudice. *Id.*

### III.    Analysis of Evidentiary Rulings

The union challenges three evidentiary rulings. The first ruling came during the union attorney's direct examination of sixty-eight-year-old Darrell Lingelbach, who—like the plaintiffs—worked as a part-time security guard after retiring from a career as a firefighter. Lingelbach testified he "saw no problem with [the new bidding process]." He also testified, as far as he could recall, the age of the plaintiffs "never came up" in discussions of the new policy. When the union's attorney asked Lingelbach: "In your opinion was this shift rebid age discriminatory in any way?" The plaintiffs' counsel objected "as to relevance." The court sustained the objection.

The second sustained objection also involved Lingelbach's opinion. The union's attorney asked union steward Markley if Lingelbach raised "any concerns

about the rebid being age discriminatory." The court again sustained the plaintiffs' relevance objection. When challenged by the union's attorney, the court explained: "I'm not going to let you talk about what other people thought was . . . age discriminatory or not."

The third objection followed a request for the opinion of another employee, Justin Kepley, who was thirty-eight years old. The union's attorney asked Markley if Kepley expressed "anything about age in terms of his opposition" to the bidding process. The court again sustained the plaintiffs' relevance objection on the same grounds.

The union moved for a new trial based on these three rulings. In denying the motion, the district court stated: "To allow the defendant to pursue this line would suggest to the jury that the question of whether there was age discrimination or not should be decided by a majority vote of the union members. That is not the law." Beyond relevance, the court justified excluding the evidence under Iowa Rule of Evidence 5.701 because lay opinions about the discriminatory nature of the policy were "not helpful" to the jury. Plus, the court found that the evidence was inadmissible under rule 5.403 because it would have been "confusing, misleading, and a waste of time."

To anchor our analysis, we examine the three evidentiary rules at issue.[3] First, evidence is relevant if the proponent can show: "(a) [i]t has any tendency to

---

[3] The union argues in its reply brief that because the plaintiffs objected only on relevance grounds at trial they cannot defend the district court's exclusion of the evidence on a different basis on appeal. We reject that argument. True, "one party should not ambush another by raising issues on appeal, which that party did not raise in the district court." *DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2002). But *DeVoss* recognized an exception for evidentiary rulings like those here. *See id.* at

make a fact more or less probable than it would be without the evidence; and (b) [t]he fact is of consequence in determining the action." Iowa R. Evid. 5.401. That definition of relevance embraces the concept of materiality. *See State v. Clay*, 213 N.W.2d 473, 477 (Iowa 1973) (describing materiality as "the pertinency of offered evidence to the issue in dispute" (citation omitted)).

As the district court decided, it was irrelevant to the union's defense whether Lingelbach and Kepley believed that the shift-rebidding procedure discriminated based on age. *See* Iowa R. Evid. 5.401. Urging reversal, the union contends a "central inquiry" into the age discrimination claim was whether employees similarly situated to the plaintiffs "were treated in a disparate manner."[4] To that end, the union insists "whether a similarly situated employee thought the shift restructuring was age discriminatory" is relevant. We disagree. The opinions of similarly situated employees about the policy itself do not make it more or less probable that the plaintiffs suffered discrimination based on their age.

_____

56 (noting that court will uphold trial ruling excluding evidence if evidence could be held inadmissible on any theory, even though not urged in objections (citing *Aller v. Rodgers Mach. Mfg. Co.*, 268 N.W.2d 830, 840 (Iowa 1978)). The union cites error-preservation cases that prohibit an *appellant* from raising a new ground for reversal on appeal. They do not apply to the question whether the *appellee* may argue alternative grounds to uphold the district court ruling.

[4] Plaintiffs who allege age discrimination may submit their claims to the jury through direct or indirect evidence. *Hedlund v. State*, 930 N.W.2d 707, 719 (Iowa 2019). When plaintiffs rely on indirect evidence of discriminatory motive, they invoke the burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Evidence of how similarly situated employees were treated is relevant to rebut an employer's stated reason for taking adverse action under the *McDonnell Douglas* framework. *Reed v. State*, No. 17-0053, 2018 WL 3471590, at *9 (Iowa Ct. App. July 18, 2018). Here, the plaintiffs argued in the district court that they did not need to rely on the *McDonnell Douglas* framework because Markley's remarks created direct evidence of discriminatory intent. But on appeal, they concede the union "correctly states a central inquiry into an age discrimination claim is whether similarly situated employees were treated differently."

Likewise, their lay opinions did not meet the criteria for admissibility in rule 5.701. According to that rule, the court must limit lay opinions to testimony that is "(a) [r]ationally based on the witness's perception; (b) [h]elpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) [n]ot based on scientific, technical, or other specialized knowledge within the scope of rule 5.702." Iowa R. Evid. 5.701.

The union cites *Wyngarden v. State* for the proposition that a lay witness may give an opinion in an age discrimination case. No. 16-1945, 2018 WL 3471849, at *10 (Iowa Ct. App. July 18, 2018) (holding district court abused its discretion in excluding coworker's testimony of his perception whether supervisors were treating Wyngarden differently from other employees). In response, the plaintiffs distinguish the testimony involved here from the testimony in *Wyngarden*. They contend: "Whether the similarly situated employee witness thought the actions of an employer were targeting a plaintiff or whether the plaintiff was being treated differently than other employees is a much different inquiry than whether the employee witness believes the employer's actions constitute age discrimination."

We agree *Wyngarden* is unpersuasive. In that case, our court held that Reese, an employee who worked in the same office as Wyngarden, could testify to his personal observations that Wyngarden received more supervision than younger coworkers and was "targeted" by their supervisors' investigations. *Wyngarden*, 2018 WL 3471849, at *10 (citing Iowa R. Evid. 5.701). By contrast, the district court here did not prevent the union from asking Lingelbach and Kepley whether they observed any discriminatory acts in the workplace. Rather, the court

blocked the union from asking those lay witnesses for their opinion on the question before the jury: whether the union's action in implementing a new shift-bidding process discriminated against older workers. That testimony would have been both irrelevant and improper lay opinion. *See* Iowa Rs. Evid. 5.401, 5.701.

"Although opinion testimony which embraces an ultimate issue is permissible, neither a lay nor expert witness may express an opinion as to a question of law or mixed question of law or fact." 7 Laurie Kratky Doré, *Iowa Practice Series: Evidence*, § 5.704:2 (Nov. 2019 update). Along the same lines, a witness cannot opine "whether the facts of the case meet a given legal standard." *In re Detention of Palmer*, 691 N.W.2d 413, 419 (Iowa 2005), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 708 n.3 (Iowa 2016). "When a standard . . . has been fixed by law, no witness whether expert or non-expert, nor however qualified, is permitted to express an opinion as to whether or not the person or the conduct, in question, measures up to that standard." *Grismore v. Consol. Prods. Co.*, 5 N.W.2d 646, 663 (Iowa 1942); *see also Hogan v. Am. Tel. & Tel. Co.*, 812 F.2d 409, 411–12 (8th Cir. 1987) (explaining trial court may exclude opinion testimony if the terms used such as "discriminate" have a separate, distinct, and special legal meaning).

Thus, the lay opinions of Lingelbach and Kepley—even as similarly situated workers—would have been of no value to the jury. *See Palmer*, 691 N.W.2d at 419. We conclude the district court properly exercised its discretion in sustaining the plaintiffs' objections to the union's request for the witnesses' lay opinions on whether the rebidding procedure was discriminatory.

Finally, as it did here, the district court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Iowa R. Evid. 5.403. Here, the probative value of the witnesses' opinions was no match for the risk of confusing the issues and misleading the jurors. *See id.* The jury received other evidence about the positions of the other union members on the rebidding policy. And the union did not make an offer of proof to show what the excluded testimony would have added.

Further, even if the district court wrongly excluded the lay opinions, the record does not show the union was prejudiced by their exclusion. We will not interfere with the court's evidentiary rulings because the union cannot show it was prejudiced. *See Iowa-Ill. Gas & Elec. Co. v. Black & Veatch*, 497 N.W.2d 821, 825–26 (Iowa 1993) (explaining relevance rulings are discretionary so we do not disturb "those decisions unless the trial court clearly abused its discretion to the prejudice of the complaining party").

## IV. Appellate Attorney Fees

The plaintiffs ask for an award of appellate attorney fees under Iowa Code section 216.15(9)(a)(8) (2019). Their brief does not specify a dollar amount. Instead, they request that the union pay their "attorney fees and costs incurred since the entry of the last order." Despite filing a reply brief, the union does not contest the fee request.

Because the plaintiffs were entitled to an award of attorney fees in the district court, they are likewise entitled to an award of fees on appeal. *See Landals*

*v. George A. Rolfes Co.*, 454 N.W.2d 891, 898–99 (Iowa 1990). We remand to the district court for a hearing on their request for appellate attorney fees.

**AFFIRMED AND REMANDED.**